10769. PRODUCERS COMPANY *v.* EMPIRE COTTON OIL COMPANY.

STEPHENS, J. 1. While the terms of a written contract cannot be varied by a contemporaneous parol agreement, yet it is permissible to show the existence of a custom of the trade or business, not at variance with such terms, concerning which the contract was made, which is of such universal practice as to justify the conclusion that the custom by implication became a part of the contract. *Branch* v. *Palmer,* 65 *Ga.* 210 (1).

2. Where a written memorandum of sale between two dealers in certain commodities contains the following provisions as respects the delivery of the commodity sold: "Shipment March" and "Shipment April," it is permissible to explain the meaning of these expressions by showing the existence of a custom or usage among the trade or dealers of such commodities that shipments of commodities when sold on future delivery are not necessarily to be actually made at the time designated in the written memorandum of sale unless delivery is at the time tendered by the seller or demand is made by the buyer, and that where no such tender or demand is made, the time of the delivery is automatically extended from month to month until a tender is made by the seller or a demand is made by the buyer. Such custom does not change, vary or contradict the terms of the contract as respects delivery, but adds a provision, perfectly consistent with the terms of the contract, to the effect that the deliveries contracted for are only to be made upon a tender by the seller or a demand by the buyer, and that in the absence of such tender or demand, the contract is automatically renewed or extended for a month.

3. An agreement between the seller and the buyer to extend the time for the performance of such a contract, "providing the United States Food Administration would allow it," it not appearing that the United States Food Administration did allow it, was void for uncertainty; and it was therefore proper, on special demurrer, to strike paragraph 3 of the amendment to the petition.

4. The petition as amended, with paragraph 3 of the amendment stricken, set out a cause of action, and, not being subject to the other special demurrers interposed, was improperly dismissed on general demurrer.

*Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED MAY 5, 1920. ADHERED TO ON REHEARING, SEPTEMBER 27, 1920.

Action on contracts; from Fulton superior court — Judge Pendleton. June 26, 1919.

Application for certiorari was denied by the Supreme Court.

Producers Company sued Empire Cotton Oil Company, alleging a breach of two written contracts by which the defendant agreed to sell to the Producers Company certain peanut product, which under the terms of one contract was to be delivered in March, 1918, and under the terms of the other contract was to be delivered in April, 1918. The plaintiff alleged that both contracts were breached by the defendant in failing to deliver on demand, in July, 1918, and sued for damages accordingly. By amendment to the petition it was alleged.: (1) that there was a custom or usage of the trade among people dealing in peanut products, to the effect that when, under a contract of sale, such products were to be shipped during a named month in the year, and delivery was not demanded by the purchaser during that month, and there was likewise no tender of delivery by the seller, the time of delivery was automatically extended from month to month until either the purchaser made demand upon the seller for delivery or the seller tendered delivery to the purchaser; and in paragraph 3 of the amendment (2) that there was an agreement between the seller and the purchaser to extend the time for the performance of the contract, "providing the United States Food Administration would allow it;" but there was no allegation that the United States Food Administration did consent or allow an extension of the time for performance. The trial judge sustained a special demurrer to this amendment, and, on general demurrer, dismissed the petition as amended.

*Napier, Wright & Wood,* for plaintiff.
*King & Spalding,* for defendant.