12928.   EMPIRE COTTON OIL COMPANY *v.* PRODUCERS COMPANY.

1. Where the right of one party to a contract to compel performance by the other party is dependent upon a demand to perform, made to the latter by the former, such demand is ineffectual to create an obligation on the part of the opposite party to perform, when the demand calls upon him to perform upon conditions not incumbent upon him under the terms of the contract.

2. Where the right of a purchaser to call for a delivery of the commodity purchased under the contract is dependent upon a demand for delivery, made to the seller by the purchaser as a condition precedent to the seller's obligation to deliver, and where, after the making of such demand on the seller by the purchaser, the seller has under the terms of the contract until the expiration of a certain definite period to comply with the purchaser's demand and make delivery, a demand by the purchaser that the seller make delivery before the expiration of such period, accompanied by a statement from the purchaser to the seller that the purchaser will, before the expiration of the period allowed the seller to deliver, enter suit against the seller for failure to deliver, and a subsequent demand, before the expiration of the period within which the seller could make delivery, that the seller pay to the purchaser a certain stipulated amount as damages by a certain named date before the expiration of the period within which the seller could make delivery, constitute no demand on the seller to deliver; and even if it could be construed as such a demand, it is not a demand to deliver in accordance with the terms of the contract, but is a demand to deliver upon the condition that the seller deliver the commodity before the expiration of the time allowed him under the terms of the contract, and therefore the seller is under no obligation to make delivery.

3. The evidence nowhere authorizes the inference that the plaintiff had, at any time prior to the period alleged in his suit, made a demand for delivery upon the defendant. The correspondence between the parties, conducted prior to the time of the alleged demand in July, can not be construed as containing any demand on the part of the plaintiff for delivery, but can only be construed as negotiations seeking a modification of the terms of the existing contract.

4. In a suit, therefore, by the purchaser against the seller, to recover for an alleged breach of the contract by the seller, where the purchaser's right to recover is dependent upon proof of a demand for delivery by the purchaser upon the seller under the terms of the contract, applying the rulings above announced, it appearing that no demand had been made, a verdict for the plaintiff was without evidence to support it and unauthorized.

DECIDED SEPTEMBER 28, 1922.

Action on contract; from Fulton superior court — Judge Ellis. August 9, 1921.

Application for certiorari was denied by the Supreme Court.

*Spalding, MacDougald & Sibley,* for plaintiff in error.

*Napier, Wright & Wood, J. N. Johnson,* contra.

STEPHENS, J.   The Producers Company brought suit against the Empire Cotton Oil Company for damages for a breach of contract, alleging that there were two contracts of sale between the parties, by the terms of which certain peanut meal was sold by the defendant to the plaintiff, to be delivered, according to one contract, in March, and according to the other contract in April, and that, in accordance with a custom and usage of the trade, if delivery was not demanded by the purchaser during the month stipulated in the contract for the shipment of the commodity, and if there was no tender of delivery by the seller, the time of delivery of the commodity contracted for was automatically extended from month to month until either the purchaser made demand upon the seller for delivery or the seller tendered delivery to the purchaser. *Producers Co.* v. *Empire Cotton Oil Co., 25 Ga. App.* 486, (104 S. E. 25). The defendant admitted the existence of a contract to deliver the commodities in March and April, but denied that there was any such custom as alleged, and alleged that if such custom did obtain and was part of the contract between the parties, the defendant did not breach the same.   It is conceded by both parties that under the contract as alleged by the plaintiff, where such custom obtained, the defendant, whenever demand for delivery should be made upon it by the plaintiff, had until the end of the calendar month to comply with the demand and make such delivery.   The plaintiff predicated his suit upon an alleged breach by the defendant in failing to deliver the commodities contracted for after a demand had been made upon the defendant by the plaintiff some time during the month of July following, and in support of this allegation

relied upon an alleged demand in a letter of the plaintiff to the defendant, dated July 19, 1918, which reads as follows: " Your continued failure to make an adjustment and settlement under your contracts with us for 200 tons of peanut meal, testing 8-1/2% ammonia, forces us to the conclusion that you are not exerting yourselves very much in this matter. In view of the fact that this matter is being handled so deliberately on your part, and, too, that we have information that we have cause to feel is reliable to the effect that you have on hand a sufficient quantity of peanuts to produce the necessary quantity of meal called for on our contracts, and that for reasons of your own you are not attempting to make the delivery, this is a formal demand upon you for the sum of $2,000 in satisfaction of your unfilled contracts. We will allow you five days from date of this letter to make such remittance, or produce bill of lading showing shipment of the meal as per our contract. At the expiration of that time the matter will be referred to our. attorney, with instructions to enter such suit as may be necessary to protect our interests."

There was also introduced the following correspondence: a letter from the plaintiff to the defendant, dated July 20, 1918, which reads as follows: " We have your letter of the 18th and note that there is but one proposition that you can accept in connection with your unfilled contracts with us, and that is that the Food Administration allow the carrying over of these two contracts to next season. You state that in the event this will not be allowed that there is nothing you can do except to cancel the contracts. We bought the goods represented by these two contracts in good faith and expected you to make delivery. It is not up to us to handle this matter with the Food Administration for you. It has been nearly 60 days since we took this matter up with you and made you several propositions that would be acceptable to us. Since that time you have done nothing except correspond with us about the matter, and now you mention cancellation of the contracts. In view of the fact that we have information from a reliable source to the effect that you have on .hand and have had on hand a stock of peanuts that would produce the meal we have bought, we hereby withdraw all of our compromise propositions that you have not agreed to this time, and demand a forfeit of two thousand dollars to us. We trust

8

that you will let this amount come forward at once, as otherwise, on the 25th inst., we will place the matter in the hands of our attorney."

A letter from the defendant to the plaintiff, dated July 20, 1918, reads as follows: "Since writing you a few days ago, we have decided to crush some peanuts early in August, if we get the machinery installed, and I think probably we will start about the 5th of August. I am writing this so that you may know we will deliver this meal according to contract, in all probability in August, and I therefore doubt the advisability of taking the matter up any further with the Food Administration. We have been promised the machinery and hope to get started on the 5th." A letter from the plaintiff to the defendant dated July 23, 1918, reads as follows: "We have your letter of the 20th and note your offer to crush some peanuts during August and to fill your contracts with us. We have been trying since May 1st to get this matter adjusted, and it is now so late in the season that we cannot use the meal. We therefore insist upon your forfeiting to us at once the sum of two thousand dollars for your failure to comply with your contract and make delivery within the time specified."

The jury found a verdict for the plaintiff, and the defendant made a motion for a new trial upon the general grounds and certain special grounds, which the court overruled; and the defendant excepted.

It is not necessary to add anything further to the ruling stated in the headnotes.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*