## 57234. BEASLEY v. JONES et al.

MCMURRAY, Judge.

This case involves the ordeal and tribulation of a minor child whose father was unknown and whose mother, four months after the child's birth, was alleged to have left the child in a neglected condition. The child was immediately placed by the juvenile court in the temporary custody of the Georgia Department of Human Resources acting by and through the Oconee County Department of Family & Children Services by order dated the 4th of February, 1976. Efforts were then made to serve the mother of the child, the maternal grandparents who had brought the complaint, and the Department of Family & Children Services for a hearing thereon. The grandparents were served, as well as the department, but the mother was never served. The department then filed a motion to intervene in the case and obtained a final release for adoption from the mother executed the 22nd day of June, 1976, provided the department did not allow the maternal grandparents to have custody of the child. She subsequently withdrew her consent to the adoption of

the child and in January, 1977 requested that custody be returned to her. The case was set down for a hearing but thereafter the court, based upon *Sanchez v. Walker County Dept. of Family & Children Services,* 237 Ga. 406 (229 SE2d 66), dismissed the petition without prejudice.

Whereupon the grandparents again filed a petition dated the 17th of April, 1978 setting forth that the child was a "neglected" (deprived) child, had remained in the de facto custody of the Georgia Department of Human Resources acting by and through the Oconee County Department of Family & Children Services, the natural mother has shown little or no interest in the child and requesting the court terminate the de facto custody of the department, terminate the parental rights of the mother and award permanent custody to the grandparents. This petition was duly served on all parties, including the department and the mother. The case proceeded to an evidentiary hearing in the juvenile court on September 30, 1978, at which the department and the natural mother were present and represented as well as the maternal grandparents being present. The court then found, "the child is a resident of Oconee County, Georgia and is a neglected and deprived child as alleged and is subject to the jurisdiction of the Court; and that the conditions and causes of the deprivation are likely to continue and that by reason thereof the child will probably suffer serious emotional harm." Whereupon, the parental rights of the natural mother were terminated and permanent custody of the child was awarded to the maternal grandparents.

The mother appeals, contending the court failed to make findings of fact and conclusions of law as required by Section 52 (a) of the Civil Practice Act (Code Ann. § 81A-152 (a); Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171); and the evidence as a matter of law was insufficient to support the decision to terminate the parental rights of the mother. *Held:*

1. Based upon the decisions of *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471), *Crook v. Dept. of Human Resources,* 137 Ga. App. 817, 818 (224 SE2d 806), and *Pruitt v. First Nat. Bank,* 142 Ga. App. 100 (1) (235 SE2d 617), we hold that findings of fact and conclusions of law required by Civil Practice Act § 52 (a), supra, are

mandatory, and a dry recitation that certain legal requirements have been met is insufficient to satisfy the requirements of the law. The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached. Here the court merely stated that based on evidence he found the child "a neglected and deprived child as alleged. . . the conditions and causes of deprivation are likely to continue and that by reason thereof the child will probably suffer serious emotional harm." Under the above citations we do not feel that the court has properly set forth his findings of fact as required.

2. The court set forth generally the requirements necessary to terminate the parental rights of the mother, that is, deprivation, probable continued deprivation, and that the child will probably suffer serious emotional harm. See Code Ann. § 24A-301 (Ga. L. 1971, pp. 709, 712; 1973, pp. 882, 883; 1977, pp. 181, 182) and Code Ann. § 24A-3201 (a) (2) (Ga. L. 1971, pp. 709, 747; 1974, p. 389; 1974, pp. 1126, 1133; 1977, pp. 181, 182). But, as stated above, the findings of fact on which these are based were not set forth; therefore, we do not determine whether the evidence was sufficient as a matter of law to support the decisions as to these matters which were not stated specifically.

Judgment below is vacated and the trial court is directed to enter a new judgment based on findings of fact and conclusions of law in accordance with Civil Practice Act § 52 (a), supra, after which the losing party shall be free to enter another appeal.

*Judgment vacated and case remanded with direction. Deen, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED MARCH 13, 1979.

*Robert D. Peckham, Jack H. Affleck, Jr.,* for appellant.

*Thomas A. Nash, Jr., Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellees.