## 57733. McCARY v. DEPARTMENT OF HUMAN RESOURCES.

CARLEY, Judge.

The Georgia Department of Human Resources brought a petition pursuant to Code Ann. § 24A-3201 for termination of the parental rights of appellant and the natural mother of a female child born October 26, 1972. The natural mother of the child consented to the termination of her parental rights both when she placed the child with the department for adoption and in open court. The appellant is the putative father of the child, the evidence showing that the child was born after appellant and the natural mother ceased cohabitation. Appellant has never seen the child nor has he instituted any judicial

proceeding to establish his paternity to the child. However, appellant did appear in the juvenile court and contest the proceedings to terminate his parental rights. After hearing, the Juvenile Court of DeKalb County entered an order terminating the parental rights of appellant and the natural mother and directing that the child be placed in the custody of Georgia Department of Human Resources for the purpose of placing her for adoption. The court concluded that "The best interests of [the minor child] would not be served by placing her custody with her putative father, Anzo McCary, but rather would be served by terminating all parental rights and placing her for adoption." The order contained no specific findings or conclusions relating to the deprivation of the child or the likely continuation of the same as envisioned by Code Ann. § 24A-3201. Appellant appeals from the order terminating his parental rights.

1. Appellant contends that the order terminating his parental rights is ineffective because he was not given the form, type and substance of notice specifically set forth in Code Ann. § 74-406 (Ga. L. 1977, p. 201). The enumeration embracing this contention is without merit since the statutory provision to which appellant refers relates to notice regarding adoption proceedings and has no application to proceedings to terminate parental rights brought pursuant to the Juvenile Court Code. There is no assertion of non-compliance with the notice provisions of Code Ann. § 24A-3202 (b) and, as noted, appellant appeared and participated in the proceedings below.

2. We do, however, find merit in appellant's claim that the order terminating his parental rights fails to set forth sufficient findings of fact and conclusions of law. A judgment having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination. *Upshaw v. Dept. of Family &c. Serv.,* 144 Ga. App. 222 (241 SE2d 41) (1977); *Crook v. Dept. of Human Resources,* 137 Ga. App. 817 (224 SE2d 806) (1976).

Code Ann. § 24A-3201 authorizes judicial termination of parental rights if "the child is a deprived child and the court finds that the conditions and causes of

the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm." In *Beasley v. Jones,* 149 Ga. App. 317 (254 SE2d 472) (1979), the order appealed from recited almost verbatim the language of Code Ann. § 24A-3201 above quoted and this court held that such a "dry recitation that certain legal requirements have been met is insufficient to satisfy the requirements of the law." *Beasley v. Jones,* supra, 319. In this case, not only did the order not set forth sufficiently the explicit findings necessary, it even failed to contain the "dry recitation" found defective in *Beasley.* Thus we hold the order to be deficient because of the absence of findings and conclusions sufficient to support termination under Code Ann. § 24A-3201. Such findings should be made pursuant to § 52 (a) of the Civil Practice Act (Code Ann. § 81A-152 (a)). *Crook v. Dept. of Human Resources,* supra. Appellant has also advanced in this court the contention that the evidence adduced was insufficient to justify the trial court's termination of his parental rights. However, since the order is deficient because of the absence of required findings and conclusions, we will not review the evidence nor determine its sufficiency. Instead, we vacate the judgment of the juvenile court and remand the case with the direction that the new judgment be based upon findings of fact and conclusions of law resolving the issues raised by application of the statutory criteria. After the entry of such new judgment, the party adversely affected thereby may appeal as to the merits.

*Judgment vacated and case remanded with direction. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MAY 7, 1979 — DECIDED SEPTEMBER 5, 1979.

*George O. Lawson, Jr.,* for appellant.

*Joseph Nardone, Jr., Allen Blaisdell, Carol Atha Cosgrove; Assistant Attorney General,* for appellee.