A03A1639. IN THE INTEREST OF M. D. F., a child.
(587 SE2d 199)

ELDRIDGE, Judge.

The natural mother of M. D. F., a female child born on June 28, 1994, who has been in her mother's custody since, brought a verified

---

petition under OCGA § 15-11-94 for the termination of the parental rights of the appellant. M. D. F.'s mother and the appellant, the child's natural father, were divorced in 1995 having lived together as man and wife in a common law marriage. At the time of the hearing, the appellant was incarcerated upon single misdemeanor counts of invasion of privacy, simple battery, obstruction of a law enforcement officer, and terroristic threats, as well as two felony counts of robbery and aggravated stalking. Nonetheless, the appellant appeared in the juvenile court and contested the termination petition. Following the hearing, the juvenile court entered an order terminating the appellant's parental rights as in the best interest of the child for want of proper parental care and control resulting in the child's deprivation in that the appellant:

> fail[ed] to provide the necessities of life for the child[;] . . .
> fail[ed] to provide financial support for the child[;] . . .
> fail[ed] to maintain appropriate contact with the child[;] . . .
> fail[ed] to comply with court orders[;] . . . fail[ed] to main-
> tain a parental bond or relationship with the child[;] . . .
> admitted emotional instability; [and had an] excessive his-
> tory of unrehabilitated drug abuse [and] repeated incarcera-
> tions.

The juvenile court's order, however, was silent as to the likelihood that the child's deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child under OCGA § 15-11-94 (b) (4) (A) (iv). Appellant appeals from the foregoing omission in the juvenile court's order, and, in a further claim of error, challenges the sufficiency of the evidence. Finding merit in appellant's claim that the order terminating his parental rights fails to set forth a mandatory conclusion of law and supporting findings of fact, we reverse and remand with direction.

"A judgment having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination. [Cits.]" *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 182 (2) (259 SE2d 181) (1979). OCGA § 15-11-94 (a) authorizes the judicial termination of parental rights upon clear and convincing evidence of parental misconduct or inability and of the physical, mental, emotional, and moral needs of the child, inclusive of the need for a stable home, as showing the loss of parental rights to be in the best interest of the child. *In the Interest of R. L. K.*, 255 Ga. App. 567, 568 (565 SE2d 880) (2002).

The court determines parental misconduct or inability by finding that: (i) The child is a deprived child, as such term is defined in Code Section 15-11-2;[1] (ii) The lack of proper parental care or control by the parent in question is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child.

OCGA § 15-11-94 (b) (4) (A). Moreover, an order terminating parental rights upon a mere dry recitation of all these criteria is "insufficient to satisfy the requirements of the law. The trial judge is to ascertain the facts and to state not only the end result of that inquiry but the process by which it was reached." (Punctuation and footnote omitted.) *In the Interest of J. M.*, 251 Ga. App. 380, 383 (4) (554 SE2d 533) (2001); *Beasley v. Jones*, 149 Ga. App. 317, 319 (1) (254 SE2d 472) (1979).

As to the requirement that the juvenile court find that "continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child[,]" OCGA § 15-11-94 (b) (4) (A) (iv), there is here the absence of even a "dry recitation" thereof. Accordingly, the order of the juvenile court is insufficient on its face to terminate the appellant's parental rights in the child. *McCary v. Dept. of Human Resources*, supra at 183. And because the juvenile court's order is deficient for lack of the last of the required legal conclusions as well as supporting findings of fact, we will neither "review the evidence nor determine its sufficiency." Id.; *Beasley v. Jones*, supra at 319 (2).

The judgment below is reversed, and the juvenile court is directed to enter a new judgment based on findings of fact and conclusions of law under the statutory criteria as herein set forth. The adversely affected party may enter another appeal upon the entry of such judgment.

*Judgment reversed and case remanded with direction. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 3, 2003.

---

[1] Pertinently, " '[d]eprived child' means a child who . . . [i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the child's physical, mental, or emotional health or morals." OCGA § 15-11-2 (8) (A).

*Ninfo & Ledbetter, Paul M. Ledbetter, Jr.,* for appellant.
*Mumford & Myers, Robert F. Mumford,* for appellee.