A05A1312. MAYNARD v. BROWN.
(622 SE2d 901)

BERNES, Judge.
Appellant Daniel Lee Maynard appeals the trial court's final judgment and decree of adoption ("the decree") terminating his parental rights and allowing the adoption of Maynard's biological son by appellee/stepparent Ralph Allen Brown. Maynard contends (1) the

---

[6] *Emilio*, supra, 263 Ga. App. at 606 (1) (emphasis in original).

trial court's decree failed to set forth facts sufficient to authorize a termination of his parental rights, (2) there was insufficient evidence to support the termination of his parental rights, and (3) the trial court failed to apply the clear and convincing standard in weighing the evidence. Because the trial court's decree fails to set forth the mandatory findings of fact and conclusions of law pursuant to OCGA § 19-8-18 (b), we vacate the trial court's decree and remand with direction.

Brown filed his petition for adoption of C. M. B., his ten-year-old stepson, pursuant to OCGA § 19-8-6 (a) (1), which governs adoptions by a stepparent,[1] and OCGA § 19-8-10 (b) (1), which provides that

> Surrender of rights of a parent pursuant to subsection (a) of Code Section 19-8-6 . . . shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent . . . if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed . . . [t]o communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner . . . and the court is of the opinion that the adoption is for the best interests of that child.

Following the conduct of a hearing on the matter, the trial court issued its decree stating in pertinent part only that "Petitioner has complied with all formalities of law, the biological father has had no contact with the minor child for at least two years, and that said proposed adoption is in the best interest of the child."

OCGA § 19-8-18 (b) mandates that "[i]n all cases wherein Code Section 19-8-10 is relied upon by any petitioner as a basis for the termination of parental rights, the court shall include in the decree of adoption appropriate findings of fact and conclusions of law relating to the applicability of Code Section 19-8-10." Accordingly, the decree in this case should have included specific findings and conclusions based on the criteria of OCGA § 19-8-10 (b) (1), i.e., whether Maynard's failure to communicate with the child for two years occurred immediately prior to the filing of the petition for adoption; whether

---

[1] As a prerequisite to a child's adoption by a stepparent pursuant to OCGA § 19-8-6 (a) (1), the other parent/spouse must consent to the adoption and the other parent must voluntarily and in writing surrender all of his rights to the child for the purpose of allowing the stepparent adoption. OCGA § 19-8-10 sets forth certain circumstances in which surrender of parental rights pursuant to OCGA § 19-8-6 (a) shall not be required. Although C. M. B.'s mother had executed a "Parental Consent to Step-Parent Adoption," Maynard refused to voluntarily surrender his parental rights and objected to Brown's petition.

Maynard made a bona fide attempt to communicate with the child;[2] whether Maynard's failure to communicate was without justifiable cause;[3] and the basis for the opinion regarding the best interests of the child. The decree must present more than "a mere legal conclusion which is not supported by mandatory findings of fact," *Brant v. Bazemore*, 173 Ga. App. 294, 295 (1) (325 SE2d 905) (1985), or a "dry recitation that certain legal requirements have been met," *McCary v. Dept. of Human Resources*, 151 Ga. App. 181, 183 (2) (259 SE2d 181) (1979).

"A judgment having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination." (Citation and punctuation omitted.) *In the Interest of M. D. F.*, 263 Ga. App. 50, 51 (587 SE2d 199) (2003). In light of our conclusion that the trial court's decree was deficient, we do not address Maynard's remaining contentions. Rather, we vacate the judgment below and remand this case to the trial court with directions to enter a new decree with specific findings of fact and conclusions of law as required by OCGA §§ 19-8-10 (b) (1) and 19-8-18 (b).[4] "The adversely affected party may enter another appeal upon the entry of such judgment." *In the Interest of M. D. F.*, 263 Ga. App. at 52.

*Judgment vacated and case remanded with direction. Blackburn, P. J., and Miller, J., concur.*

---

[2] Whether Maynard made bona fide efforts to communicate with the child and whether his failure to communicate was justified were contested issues in the case. We note that when the trial judge orally announced his ruling at the conclusion of the hearing, he expressed a factual finding that Maynard was not justified in his failure to communicate or to make a bona fide effort to communicate with the child. However, the trial court's oral findings in the transcript are not sufficient to satisfy the requirement for express, written findings of fact and conclusions of law. *Beeks v. Consultech, Inc.*, 222 Ga. App. 473, 474 (474 SE2d 675) (1996), citing *Aycock v. Morris Indus.*, 171 Ga. App. 50, 51 (318 SE2d 780) (1984). OCGA § 19-8-18 (b) specifically requires that findings and conclusions be included *in the decree of adoption.*

[3] The predecessor to OCGA § 19-8-10 (OCGA § 19-8-6 (b), former Code Ann. § 74-405 (b), reenacted by Ga. L. 1979, pp. 1182, 1187) did not contain the language "without justifiable cause." OCGA § 19-8-10 (enacted under Ga. L. 1990, p. 1572, § 5) added the language and thus, a specific finding of such is required. See *Griffith v. Brooks*, 216 Ga. App. 401, 402-403 (1) (454 SE2d 602) (1995).

[4] "Although findings of fact and conclusions of law are mandatory, their absence is not fatal. Such a judgment may be vacated on appeal and the conclusions of law and facts supplied at the direction of the appellate court." (Citations omitted.) *Kennedy v. Brown*, 239 Ga. 286, 288 (2) (236 SE2d 632) (1977).

DECIDED NOVEMBER 4, 2005.

*Steinberg & Vrono, Charles J. Vrono*, for appellant.
*Randall L. Keen*, for appellee.