## A08A0776. SMALLWOOD v. DAVIS.

(664 SE2d 254)

JOHNSON, Presiding Judge.

On May 18, 2007, Mary Davis filed a petition to adopt her eight-year-old stepdaughter, claiming that, pursuant to OCGA § 19-8-10 (b), a surrender of parental rights by the natural mother, Pamela McGinnis Smallwood, was not required. Smallwood filed an answer objecting to the petition for adoption and refusing to surrender her parental rights. A hearing was held in the Bryan County Superior Court on July 17, 2007. Two months later, the trial court entered a decree that, pursuant to both OCGA § 19-8-10 (a) and (b), terminated Smallwood's parental rights and allowed Davis to adopt the child.

Smallwood appeals from the decree of adoption. Because the trial court failed to make a required finding and improperly relied on a Code section not in issue, we reverse.

1. On appeal from an order severing parental rights based on an adoption petition, we view the evidence in the light most favorable to the trial court's findings and determine whether a rational trier of fact could have found by clear and convincing evidence that the biological parent's rights have been lost.[1]

Viewed in favor of the trial court's findings, the evidence shows that Smallwood and William Davis are the biological parents of A. E. D., who was born on October 17, 1998. In October 2004, after allegations of neglect and abuse had been made against Smallwood, A. E. D. began living with William Davis and his wife, Mary Davis. On December 28, 2005, Smallwood joined the army and began basic training. Several weeks later, in February 2006, she entered into an agreement with William Davis which was made the final consent order of a South Carolina family court. That consent order gave William Davis permanent custody of the child, granted Smallwood supervised visitation and directed her to pay monthly child support.

Smallwood has made the child support payments, and in fact has paid approximately $1,000 more than she was required to pay to help support A. E. D. However, she last visited A. E. D. on September 15, 2005, and last spoke to her on the telephone on December 25, 2005. Moreover, on two separate occasions since joining the military, Smallwood spent three or four days in the Savannah area, near where A. E. D. lives, but did not visit with her.

Mary Davis testified that since December 25, 2005, Smallwood has made no calls to A. E. D. Smallwood contradicted that, testifying that since joining the military, she has tried to call and speak to

---

[1] *Sellers v. Sellers*, 277 Ga. App. 814 (627 SE2d 882) (2006).

A. E. D. several times each week, but she always gets the Davises' answering machine. She testified that after basic training, she was stationed in Korea for 11 months, and during much of that time her calls to the Davis house were either blocked or not accepted.

OCGA § 19-8-6 (a) (1) provides that a child whose legal father and mother are living, but not married to each other, may be adopted by the spouse of either parent only when the other parent voluntarily surrenders his or her rights to the child. However, OCGA § 19-8-10 (b) provides two circumstances under which such a surrender of parental rights is not required for a stepparent adoption.

> Surrender of rights of a parent pursuant to subsection (a) of Code Section 19-8-6 or 19-8-7 shall not be required as a prerequisite to the filing of a petition for adoption of a child of that parent pursuant to Code Section 19-8-13, if that parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed:
> (1) To communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or
> (2) To provide for the care and support of that child as required by law or judicial decree,
> and the court is of the opinion that the adoption is for the best interests of that child.[2]

In the instant case, it is undisputed, and the trial court found, that Smallwood has met her child support obligations. Accordingly, subsection (2) of the above Code section is not in issue and is not a basis for the trial court's adoption decree. Rather, pursuant to subsection (1) of the Code section, the trial court concluded that Smallwood's parental rights should be terminated because she had not communicated or attempted to communicate with the child for over a year.

Given the evidence that Smallwood last visited with the child in September 2005 and last spoke with her in December 2005, the trial court correctly found that Smallwood had failed to communicate for more than a year immediately preceding the filing of the petition to adopt in May 2007. However, the lack of communication does not end the court's inquiry. Under OCGA § 19-8-10 (b) (1), it is not enough that a failure to communicate is shown to have existed for the

---

[2] OCGA § 19-8-10 (b).

requisite statutory period; it must also be shown that such failure was without justifiable cause.[3]

> It is the petitioners' burden to prove that termination of the mother's parental rights is warranted, including the lack of justifiable cause. As explained by the Supreme Court of Georgia, the words "without justifiable cause" as used in § 19-8-10 (b) are constitutionally significant. The Due Process Clause gives a parent substantial protection of his or her parental rights requiring that clear and convincing evidence of unfitness be shown before a natural parent's rights in his child may be terminated.[4]

The evidence as to whether the failure to communicate was without justifiable cause is in conflict. Smallwood's military service outside the state, including an 11-month stint overseas, obviously is a factor that affected her ability to visit with her child.[5] As for the lack of telephone communication, Smallwood testified that her telephone access was limited during basic training and that all her calls to the Davis house have been unanswered or blocked.

On the other hand, Mary Davis testified that Smallwood had not even attempted to call A. E. D. for more than a year prior to the filing of the adoption petition. We are troubled by the fact that on this critical issue, Mary Davis, as the petitioner bearing the burden of proof by clear and convincing evidence, chose to rely solely on her own testimony. Notably absent is any testimony from William Davis and any telephone records for the time period in question. Indeed, the only telephone records introduced at the hearing were presented by Smallwood. And while they do not cover the time period in question, and instead cover April and May 2007, they do appear to show that her many calls to the Davis household during those two months were not answered.[6]

---

[3] *McCollum v. Jones*, 274 Ga. App. 815, 820 (3) (a) (1) (619 SE2d 313) (2005).

[4] (Citations omitted.) Id.

[5] See, e.g., *Ray v. Denton*, 278 Ga. App. 69, 71 (628 SE2d 180) (2006) (even incarceration is a factor in determining justifiable cause); *Sellers*, supra at 817 (1) (incarceration a justifiable cause consideration).

[6] Several weeks after the hearing, Smallwood's counsel filed a brief with various exhibits attached to it, which the trial court correctly refused to consider since they were not properly introduced at the adoption hearing. It is unclear why counsel did not introduce them since at least one of the exhibits is apparently a Davis telephone record which, when considered with the Smallwood telephone records introduced at the hearing, arguably shows that in April 2007 Smallwood's calls were being blocked.

Despite the conflicting evidence presented on this critical issue, the trial court failed to make any finding in its adoption decree as to whether Smallwood's lack of communication was without justifiable cause.

> OCGA § 19-8-18 (b) mandates that in all cases wherein Code Section 19-8-10 is relied upon by any petitioner as a basis for the termination of parental rights, the court shall include in the decree of adoption appropriate findings of fact and conclusions of law relating to the applicability of Code Section 19-8-10.[7]

Accordingly, the decree in this case should have included specific findings and conclusions as to whether Smallwood's failure to communicate was without justifiable cause.[8] The failure to make the required findings and conclusions in the adoption decree was deficient and mandates a reversal of that decree. "A judgment having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination."[9]

2. The trial court also erred in basing its adoption decision, in part, on OCGA § 19-8-10 (a) (4), which provides that a surrender or termination of parental rights is not required where the court finds clear and convincing evidence that the parent has failed to exercise proper parental care or control due to misconduct or inability as set out in Code Section 15-11-94.

In her petition for adoption, Davis did not assert any claim pursuant to OCGA § 19-8-10 (a), and instead relied exclusively on OCGA § 19-8-10 (b). When Davis' attorney first mentioned OCGA § 19-8-10 (a) during his opening statement at the adoption hearing, Smallwood's attorney immediately objected on the ground that the petition was filed only under OCGA § 19-8-10 (b). The trial court overruled the objection, and then went on in its adoption decree to make its very first conclusion of law based on subsection (a), concluding that the mother had failed to exercise proper parental care or control due to misconduct or inability.

OCGA § 19-8-10 (c) mandates that a parent be served with a copy of any adoption petition that makes allegations in accordance with subsection (a) or (b) of that Code section. It further provides

---

[7] (Punctuation omitted.) *Maynard v. Brown*, 276 Ga. App. 229, 230 (622 SE2d 901) (2005).

[8] Id. at 230-231.

[9] (Citation and punctuation omitted.) Id. at 231.

that a "parent who receives notification pursuant to this paragraph may appear in the pending adoption action and show cause why such parent's rights to the child sought to be adopted in that action should not be terminated by that adoption."[10]

In the instant case, Smallwood was not served with a petition making allegations under OCGA § 19-8-10 (a) and thus received no notification that she must be prepared to show cause why her parental rights should not be terminated pursuant to subsection (a). "It is well settled that adoption laws must be strictly construed in favor of natural parents."[11] By allowing Davis to make claims at the hearing that were not alleged in her petition and by basing its adoption decree on grounds that Smallwood was never properly notified of, the trial court failed to strictly construe OCGA § 19-8-10 in favor of Smallwood, and such an erroneous decree must be reversed.

*Judgment reversed. Barnes, C. J., and Phipps, J., concur.*

DECIDED JUNE 24, 2008.

*Debra R. F. Stone*, for appellant.
*Lloyd D. Murray*, for appellee.

---

[10] OCGA § 19-8-10 (c).

[11] (Citation omitted.) *McKinney v. Jennings*, 246 Ga. App. 862, 863 (2) (542 SE2d 580) (2000).