**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**September 25, 2013**

# In the Court of Appeals of Georgia

A13A1068. DELL v. DELL.

MILLER, Judge.

This appeal arises from Dwain and Sarah Dell's petition for the termination of Leah M. Dibello Dell's parental rights to her natural child, and stepmother Sarah Dell's petition to adopt the child. The juvenile court sitting by designation in the superior court terminated Leah Dell's parental rights and granted Sarah's adoption petition. Leah Dell appeals, contending that (1) the evidence did not support the termination of her parental rights; (2) she was denied her right to competent legal counsel; (3) she was discouraged from appealing her case; and (4) she was not provided with a copy of the final judgment. For the reasons that follow, we vacate and remand to the superior court.

On appeal from an order terminating parental rights based on an adoption petition, we construe the evidence favorably to the trial court's ruling and determine whether any rational trier of fact could have found by clear and convincing evidence that the biological parent's rights to custody have been lost. We do not weigh the evidence or assess witness credibility, but defer to the trial court's factual findings and affirm unless this standard is not met.

(Citation omitted.) *Weber v. Livingston*, 309 Ga. App. 665 (710 SE2d 864) (2011).

So viewed, the evidence shows that the minor child, E. D., was born on September 14, 2002. E. D. is the natural child of Dwain and Leah, who were married at the time of E. D.'s birth. Dwain and Leah separated when E. D. was a toddler because Leah became addicted to methamphetamine. E. D, was subsequently found to be deprived, and Dwain was awarded custody of her. In December 2004, Dwain and Leah divorced, and Dwain was granted permanent primary physical and legal custody of E. D. Although Leah was properly served in the divorce action and had notice of the hearing, she did not appear.

Between 2004 and November 2006, Leah regularly visited with E. D. Although ordered to pay monthly child support, however, Leah made only one payment of approximately $1,300 after Dwain filed a contempt action. In 2007, Leah moved to Florida. After she moved, Leah and Dwain lost contact with each other. Since that

2

time, Leah has not contacted Dwain or E. D., paid any child support, or sent any letters, cards or gifts.

Dwain and Sarah married in June 2007, and had a daughter, A. D., in January 2010. Sarah is a certified pre-K teacher, who works at E. D.'s daycare. Sarah has lived with and cared for E. D. since 2007, and E. D. considers Sarah to be her mother. E. D. has no health problems, has progressed appropriately in school and has bonded with her half-sister, A. D.

On September 3, 2010, Dwain and Sarah filed their petition to terminate Leah's parental rights. The petition also requested an order permitting Sarah to adopt E. D. Although Leah was personally served, attended a mediation and completed a court-mandated workshop, she did not attend the scheduled trial in this case.

At the trial in this case, Leah's counsel moved for a continuance, stating that Leah was without funds to travel from Florida to the scheduled trial. Leah's counsel assured the superior court that Leah would be able to attend the trial if it were continued until the following month. The superior court denied the motion and the trial was conducted in Leah's absence.

Following the trial, the superior court terminated Leah's rights based on her abandonment of E. D. and her failure to provide for E. D.'s care and support for more

than a year.[1] The superior court also approved Sarah's adoption of E. D., finding that adoption was in E. D.'s best interests.

1. Leah contends that the evidence did not support the termination of her parental rights. We do not reach this contention because the trial court's final order did not include findings of fact and conclusions of law as required to support the termination of parental rights under OCGA § 19-8-10.

Adoptions in Georgia are governed by the statutory definitions, provisions and requirements set forth in OCGA § 19-8-1 et seq. This case involves a stepmother's petition to adopt a child whose legal father and legal mother, as defined by OCGA § 19-8-1, are both still living and are no longer married to each other, and whose legal mother has not surrendered her parental rights. Accordingly, our analysis begins with OCGA § 19-8-6 (a) (1). That statute pertinently provides:

> A child whose legal father and legal mother are both living but are not still married to each other may be adopted by the spouse of either parent *only* when the other parent voluntarily and in writing surrenders all of his rights to the child to that spouse for the purpose of enabling that spouse to adopt the child and the other parent consents to the adoption[.]

---

[1] Prior to entry of the order terminating her parental rights, Leah moved the trial court for reconsideration to reopen the matter. Although the superior court referred to a hearing on this motion in its final order, the hearing was not transcribed.

(Emphasis provided.); see also *In re C. N. W.*, 274 Ga. 765, n. 4 (560 SE2d 1) (2002). Where, as here, the legal mother refuses to surrender her parental rights, the superior court may still grant the stepparent's petition to adopt the child if the superior court determines by clear and convincing evidence that the "[c]hild has been abandoned by the parent . . . and that the adoption is in the best interests of [the] child, after considering the physical, mental, emotional, and moral condition and needs of the child . . . , including the need for a secure and stable home." (Punctuation omitted.) OCGA § 19-8-10 (a) (1). The superior court may also grant the stepparent's adoption petition if it finds

> clear and convincing evidence that the parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, *without justifiable cause, has significantly failed*: (1) To communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or (2) To provide for the care and support of that child as required by law or judicial decree.

(Citation and punctuation omitted; Emphasis supplied.) *Weber*, supra, 309 Ga. App. at 666; see also OCGA § 19-8-10 (b).

In such a case, the parent must be served with a copy of the petition and the parent may appear at the trial in the pending adoption action to show why his/her

5

parental rights should not be terminated by that adoption. See OCGA § 19-8-10 (c);

*Smallwood v. Davis*, 292 Ga. App. 173, 176-177 (2) (664 SE2d 254) (2008).

Moreover, the petitioning stepparent has the burden of proving that termination of the

parent's rights is warranted, including the lack of justifiable cause. See *In re Marks*,

300 Ga. App. 239, 242 (684 SE2d 364) (2009).

> If the petitioner meets that burden of proof and the court finds that one of the above situations exists, then the court must also determine whether the proposed adoption is in the best interest of the child. With regard to the best interest test in adoption cases, the trial court has very broad discretion with which this Court will not interfere except in cases of plain abuse. However, a court is not allowed to terminate a parent's natural right because it has determined that the child might have better financial, educational or even moral advantages elsewhere. Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship. The requirements of Georgia's adoption statutes are mandatory and must be strictly construed in favor of the natural parents, because the application thereof results in the complete and permanent severance of the parental relationship.

(Citations and punctuation omitted.) *Marks*, supra, 300 Ga. App. at 242-243.

"In all cases wherein Code Section 19-8-10 is relied upon by any petitioner as

a basis for the termination of parental rights, the court shall include in the decree of

adoption appropriate findings of fact and conclusions of law relating to the applicability of Code Section 19-8-10." OCGA § 19-8-18 (b). A judgment granting an adoption and terminating a parent's rights

> must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination. The decree must present more than a mere legal conclusion which is not supported by mandatory findings of fact, or a dry recitation that certain legal requirements have been met.

(Citations and punctuation omitted.) *Sauls v. Atchison*, 316 Ga. App. 792, 795 (2) (730 SE2d 459) (2012).

Here, in terminating Leah's parental rights, the superior court stated only that Leah has abandoned E. D. and

> for a period longer than a year [Leah] has failed to provide for the care and support of [E.D.] as required by law and judicial decrees of record. The Court is of the opinion that the adoption of [E.D.] by Sarah Dell is in the best interests of the child. [Leah] has a history of substance abuse and has demonstrated an inability to be present to care for or provide for the child. . . . Furthermore, [Leah] has not been paying child support for several years, not made efforts to obtain visitation with her child through the courts.

7

In this case, the superior court's order was deficient because it did not address any of the criteria for termination of parental rights pursuant to OCGA § 15-11-94, it did not include specific findings of fact showing that Leah abandoned E. D.,[2] and it did not include specific factual findings showing that she failed to provide care and support for E. D. without justifiable cause.[3] See *Maynard v. Brown*, 276 Ga. App. 229 (622 SE2d 901) (2005). Compare *Ray v. Denton*, 278 Ga. App. 69, 72-73 (2) (628

---

[2] A finding of abandonment under OCGA § 19-8-10 (a) (1) requires

clear and convincing evidence of an actual desertion, *accompanied by an intention to sever entirely*, as far as possible to do so, the parental obligations growing out of the parent/child relationship, and forego all parental duties and claims.

(Citation and punctuation omitted; emphasis in original.) *Marks*, supra, 300 Ga. App. at 243 (1).

[3] As this Court recently stated,

justifiable cause for the failure to pay child support may be found in situations where the parent has been unable to earn income due to incarceration, mental illness, mental incapacity, hospitalization, or other circumstances beyond his or her control. Each case must be decided on its own circumstances.

(Citation and punctuation omitted.) *Ray v. Hann*, __ Ga. App. __, *11 (2) (Case Nos. A13A0757, A13A0821, decided July 15, 2013).

SE2d 180) (2006) (remand not required where decree included specific findings regarding father's failure to pay court-ordered child support and where decree further stated that conclusions of law were based on trial court's findings of fact and verified petition which specifically referenced OCGA § 19-8-10). Moreover, the superior court's conclusion that adoption was in E. D.'s best interest also lacked particularity. *Hann*, supra, __ Ga. App. at *13 (2).

As set forth above, we emphasize that a judgment "having such a final, ultimate and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination." (Citation and punctuation omitted.) *In the Interest of M. D. F.*, 263 Ga. App. 50, 51 (587 SE2d 199) (2003). Since the trial court's decree was deficient, we are unable to evaluate whether the superior court erred in terminating Leah's parental rights pursuant to OCGA § 19-8-10. See *Hann*, supra, __ Ga. App. at *13 (2). Accordingly, we vacate the order terminating Leah's parental rights, as well as the adoption decree, and remand this case to the trial court for further proceedings, including entry of a new order with specific findings of fact and conclusions of law as required by the Georgia legislature in OCGA §§ 19-8-10 and 19-8-18 (b). In so holding, this Court is not unsympathetic with the plight of the

father and stepmother in this case. In fairness, however, this Court must note that Leah, the natural mother, requested reconsideration of the trial court's order before this case was appealed to this Court, thereby evidencing a desire to be heard on this issue. Moreover, it is the law that we afford all the rights of fundamental fairness to the natural mother before we terminate her rights. We make no comment on whether the evidence presented could support a finding of abandonment or failure to provide for the care and support of E. D. without justifiable cause. Following entry of a new order, the "adversely affected party may enter another appeal upon the entry of such judgment." *In the Interest of M. D. F.*, supra, 263 Ga. App. at 52.

2. Leah also contends that she was denied her right to competent legal counsel. We are unable to reach this contention because the record does not include a copy of the transcript on Leah's motion for reconsideration, even though she was entitled to a paupered copy of the transcript as an indigent parent whose parental rights were terminated.

In any proceeding for terminating parental rights, if a parent is indigent and desires to be represented by counsel, "the court shall appoint an attorney for such parent." OCGA § 15-11-98 (b). See also *In re J. M. B.*, 296 Ga. App. 786, 789 (676

10

SE2d 9) (2009). An indigent parent has a statutory right to effective legal representation in termination proceedings. See *In the Interest of A. R. A. S.*, 278 Ga. App. 608, 609 (1) (629 SE2d 822) (2006). Moreover, "an indigent parent whose parental rights have been terminated is entitled to a paupered copy of the transcript for use in appealing the decision of the trial court." *In the Interest of B. C. P.*, 29 Ga. App. 111, 115 (3) (493 SE2d 258) (1997).

Here, the record shows that Leah was represented by appointed counsel based on evidence of her indigency. Following the trial, but prior to entry of the order terminating her parental rights, Leah moved pro se for reconsideration and to reopen the matter, contending that her appointed counsel provided ineffective assistance. Thereafter, the superior court appointed new counsel for Leah and held a hearing on Leah's motion for reconsideration. The hearing, however, was not transcribed, even though Leah was entitled to a paupered copy of the transcript. See *Nix v. Dept. of Human Resources*, 236 Ga. 794, 796 (225 SE2d 306) (1976) (holding that indigent parent's right to paupered transcript at all stages of any proceeding involving termination of that parent's right is implied by law). In the absence of the transcript we cannot properly review Leah's claims of ineffective assistance. Accordingly, we

11

direct the trial court on remand to prepare a copy of the transcript or conduct a new hearing on these claims.

3. In light of our holding in Division 1 that the adoption decree was deficient, we need not address Leah's remaining contentions regarding the superior court's alleged conduct in discouraging her from appealing her case, and the superior court's alleged failure to provide her with a copy of the final judgment.

*Judgment vacated and remanded. Barnes, P. J., concurs. Ray, J., concurs fully in Divisions 2, 3 and in the judgment only as to Division 1.*