**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 2, 2015**

# In the Court of Appeals of Georgia

A15A1430. DELL v. DELL.

MCFADDEN, Judge.

In *Dell v. Dell*, 324 Ga. App. 297 (748 SE2d 703) (2013), we vacated the order terminating Leah M. Dibello Dell's parental rights to her daughter and granting stepmother Sarah Dell's petition to adopt the child because, among other things, the order did not include specific findings of fact and conclusions of law as required by OCGA §§ 19-8-10 and 19-8-18 (b). We remanded the case for further proceedings. *Dell*, 324 Ga. App. at 298-302 (1) (physical precedent as to Division 1). Upon remittitur, the trial court entered a new order again terminating Leah Dell's parental rights and granting Sarah Dell's adoption petition. Leah Dell filed this appeal.

Leah Dell argues that the evidence does not support the termination and adoption, but we find the evidence sufficient. She argues that she received ineffective

assistance of counsel, but we find that she has failed to show both deficient performance and prejudice. She argues that the trial court abused its discretion by denying her motion for continuance so that she could appear, but we find she is not entitled to reversal on this ground because she was not harmed, given that the trial court conducted another hearing at which she appeared and was allowed to present her defense. We thus affirm.

1. *Background.*

In the earlier appeal, we found that the evidence showed that:

[T]he minor child, E. D., was born on September 14, 2002. E. D. is the natural child of Dwain and Leah, who were married at the time of E. D.'s birth. Dwain and Leah separated when E. D. was a toddler because Leah became addicted to methamphetamine. E. D. was subsequently found to be deprived, and Dwain was awarded custody of her. In December 2004, Dwain and Leah divorced, and Dwain was granted permanent primary physical and legal custody of E. D. Although Leah was properly served in the divorce action and had notice of the hearing, she did not appear.

Between 2004 and November 2006, Leah regularly visited with E. D. Although ordered to pay monthly child support, however, Leah made only one payment of approximately $1,300 after Dwain filed a contempt action. In 2007, Leah moved to Florida. After she moved, Leah and Dwain lost contact with each other. Since that time, Leah has not

2

contacted Dwain or E. D., paid any child support, or sent any letters, cards or gifts.

Dwain and Sarah married in June 2007, and had a daughter, A. D., in January 2010. Sarah is a certified pre-K teacher. . . . Sarah has lived with and cared for E. D. since 2007, and E. D. considers Sarah to be her mother. E. D. has no health problems, has progressed appropriately in school and has bonded with her half-sister, A. D.

On September 3, 2010, Dwain and Sarah filed their petition to terminate Leah's parental rights. The petition also requested an order permitting Sarah to adopt E. D. Although Leah was personally served, attended a mediation and completed a court-mandated workshop, she did not attend the scheduled trial in this case.

At the trial in this case, Leah's counsel moved for a continuance, stating that Leah was without funds to travel from Florida to the scheduled trial. Leah's counsel assured the superior court that Leah would be able to attend the trial if it were continued until the following month. The superior court denied the motion, and the trial was conducted in Leah's absence.

Following the trial, the superior court terminated Leah's rights based on her abandonment of E. D. and her failure to provide for E. D.'s care and support for more than a year. The superior court also approved Sarah's adoption of E. D., finding that adoption was in E. D.'s best interests.

3

324 Ga. App. at 297-298 (footnote omitted).

After the trial court, on remand, entered another order to comply with our directive, Leah Dell, proceeding pro se, filed this appeal. "While [her] brief is far from a model of clarity and cites very little legal authority for the propositions [s]he sets forth, to the extent we are able to discern the basis of [her] assertions of error we address them as follows." *Ovrevik v. Ovrevik*, 254 Ga. App. 756, 762 (564 SE2d 8) (2002).

2. *The evidence was sufficient.*

Leah Dell argues that the evidence was insufficient to support the termination and adoption. We agree that the evidence was insufficient to support the trial court's finding that Leah Dell abandoned her child. But it was sufficient to support the trial court's findings that Leah Dell failed to have any contact with the child and failed to support the child for a period longer than a year immediately prior to the filing of the termination and adoption petition and that these failures were without justifiable cause. These findings support the termination and adoption.

When a biological parent refuses to surrender her parental rights to allow a stepparent adoption, cf. OCGA § 19-8-6 (a) (1), as Leah Dell did here,

4

the court may nevertheless terminate the biological parent's rights and grant the stepparent's petition to adopt the child if it finds, among other things, that there is clear and convincing evidence that the parent has abandoned the child, . . . or that the parent, ["]for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed: (1) To communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or (2) To provide for the care and support of that child as required by law or judicial decree.["] OCGA § 19-8-10 (a) (1) . . .;19-8-10 (b).

*Ray v. Hann*, 323 Ga. App. 45, 48 (2) (746 SE2d 600) (2013) (citation and footnotes omitted).

Here, the court found that Leah Dell had abandoned the child, a finding that would support the termination and adoption under OCGA § 19-8-10 (a) (1). It also found that Leah Dell had failed to have any contact with the child and had failed to support the child for a period longer than a year immediately prior to the filing of the termination and adoption petition and that these failures were without justifiable cause, findings that would support the termination and adoption under OCGA § 19-8-10 (b).

Our appellate courts have held that in order to find abandonment, there must be sufficient evidence of an actual desertion, accompanied by an

5

intention to sever entirely, as far as possible to do so, the parental obligations growing out of the same, and forego all parental duties and claims. Because the circumstances in this case do not comport with this definition, in that [Leah Dell's] pursuit of this litigation arguably shows that [s]he did not intend to sever entirely [her] parental obligations, we are constrained to find that the adoption was not proper under OCGA § 19-8-10 (a) (1). However, . . . we find that there was evidence to support the trial court's judgment under OCGA § 19-8-10 (b).

*Hall v. Coleman*, 264 Ga. App. 650, 653 (1) (592 SE2d 120) (2003) (citations, punctuation, and emphasis omitted).

Leah Dell does not dispute that she failed to communicate with the child or to pay child support for more than a year before the petition was filed in September 2010. She testified at the hearing on her motion for reconsideration that she had not paid child support since 2005. And the court found that she had not visited the child since 2006.

Instead, Leah Dell argues that her failures are justified. She argues that she could not communicate with the child or pay support because the father had moved without notifying her of his new location. But she testified that, at the end of 2009 or the beginning of 2010, she learned where the father, child, and stepmother lived. Yet

6

for the nine or ten months thereafter until the petition was filed, she paid no support nor sought any visitation.

She also argues that her failure to pay child support is excused by the fact that the father had closed a child support case to which she was making her payments. Yet at a July 2012 hearing she testified that she learned that the child support case was closed "last year." Presuming that she meant 2011, this was months after the adoption petition had been filed. This does not explain her failure to pay child support since 2005.

Finally, she argues that her failure to pay child support is excused because she had no income. The court found Leah Dell's testimony that she had no income not to be credible, given that she also testified that she was running her fiance's company. When asked whether she had income, she responded, "we just started the income, so yes; yes and no." She also testified that she had been able to earn a living.

The court explicitly found that Leah Dell had not justified her failure to provide care and to pay child support with any circumstances beyond her control, and clear and convincing evidence supports this finding.

3. *Ineffective assistance of counsel*.

Leah Dell argues that her attorneys were ineffective. "An indigent parent has a statutory right to effective legal representation in termination proceedings." *Dell*, supra, 324 Ga. App. at 302 (2) (citation omitted). "In order to prevail on a claim of ineffective assistance of counsel the mother must show that her counsel's performance was deficient and that the deficient performance was prejudicial to her defense." *In the Interest of A. H. P.*, 232 Ga. App. 330, 334 (2) (500 SE2d 418) (1998) (citation and punctuation omitted). If Leah Dell "fails to meet [her] burden of proving either prong, then we do not need to examine the other prong." *Works v. State*, 301 Ga. App. 108, 114 (7) (686 SE2d 863) (2009) (citation omitted). We find that Leah Dell has failed to meet her burden.

Leah Dell argues that counsel appointed to represent her at the trial on the termination and adoption petition did not notify her of the hearing date, but trial counsel testified otherwise. The evidence shows that the case had been placed on a week-long trial calendar, and the court had warned Leah Dell that she should be prepared to be there at any time during that week. Counsel testified that he notified Leah Dell on the Monday of that week that her case would be reached on Wednesday, but Leah Dell told him she could not attend the trial because she lacked funds and because of a scheduling issue.

8

Leah Dell argues that counsel was ineffective because he stated to the court that she completely agreed with the adoption, and only desired that her parental rights not be terminated. This is a mischaracterization of counsel's comments to the court. In fact, counsel stated that if the court were inclined to grant the adoption, given Leah Dell's lack of involvement with the child, then his biggest concern was that Leah Dell be allowed to maintain a relationship with the child. Given the overwhelming evidence that Leah Dell was uninvolved with the child, we deem unexceptionable trial counsel's decision not to contest that fact and instead to advocate for the best outcome he judged realistically attainable in light of it. See *Fletcher v. State*, 326 Ga. App. 389, 391 (2) (756 SE2d 625) (2014).

Leah Dell argues that both the attorney who represented her at the hearing on the adoption petition and another appointed attorney who represented her at the hearing on her motion for reconsideration failed to call witnesses who would testify on her behalf regarding her attempts to locate the father's whereabouts. As discussed above, however, she testified that she had located the father well before the petition for adoption was filed but she nevertheless failed to pay support or to contact the child. Thus any deficiency in this regard did not prejudice her case.

She argues that the attorneys failed to present crucial evidence, yet she does not identify the evidence she contends they should have presented. Leah Dell argues the attorneys failed to properly question witnesses, but she fails to specify questions the attorneys should have asked and of what witnesses they should have asked them. Accordingly, she has not demonstrated that these alleged failures affected the outcome of the trial and these claims of ineffectiveness fail. See *Grant v. State*, 295 Ga. 126, 132 (5) (c) (757 SE2d 831) (2014).

4. *Continuance*.

Leah Dell argues that the trial court erred by denying her motion for continuance of the hearing on the adoption petition so that she could be present and by using her absence at the hearing as grounds for terminating her parental rights. "A trial court's decision to grant or to deny a continuance will not be disturbed absent abuse of discretion." *In the Interest of N. H.*, 313 Ga. App. 292 (1) (721 SE2d 103) (2011) (citation and punctuation omitted). To obtain reversal based on the denial of a continuance, a party must show harm. Id. at 293 (1). Leah Dell has not shown harm. She was represented at the hearing by counsel, who, as the trial court found, "made impressive efforts to advocate for [her] despite her absence at trial." And after the case was remanded, the trial court conducted a hearing on her motion for

10

reconsideration at which Leah Dell was represented by another attorney and was allowed to testify and present evidence. Finally, nowhere in the final order does the trial court state that Leah Dell's absence is a ground for terminating her parental rights. Under these circumstances, Leah Dell has not shown that she is entitled to reversal.

5. *Failure to provide written judgment.*

Leah Dell argues that she is entitled to reversal because she was never sent the original judgment. Any failure in this regard did not harm Leah Dell because that judgment was vacated and a new judgment was entered. Leah Dell does not claim that she did not receive this judgment.

*Judgment affirmed. Ellington, P. J., concurs and Dillard, J., concurs in the judgment only.*

A15A1430. DELL v. DELL.

DILLARD, Judge, concurring in judgment only.

I concur in judgment only because I do not agree with all that is said by the Court in the majority opinion. As a result, the majority's opinion may not be cited as binding precedent in future cases. *See* Court of Appeals Rule 33(a).