## MERCER *v.* NOWELL.

No. 9961. JUNE 14, 1934.

*W. I. Geer,* for plaintiff in error. *Lowrey Stone,* contra.

HUTCHESON, J. W. L. Nowell obtained judgment against J. J. Mercer and Mrs. Annie Mercer. Execution was duly issued thereon, and was levied on "the west half of the north half of lot of land No. 381 in the 26th land district of Early County, Georgia." A claim was interposed by J. A. Mercer, son of Mrs. Annie Mercer. The cause was submitted to the judge, without the intervention of a jury, on an agreed statement of facts, as follows:

"(a) On November 13, 1920, W. L. Nowell executed and delivered to J. J. Mercer a deed conveying to the latter the north half of lot of land number three hundred eighty-one (381) in the 26th land district of Early County, Georgia, containing 125 acres, more or less; and thereupon the said Mercer went into possession of such land. The deed was filed for record in the office of the clerk of Early superior court on October 24th, 1924, and was recorded at page 74 of deed book 36. (b) On April 26, 1922, J. J. Mercer executed and delivered to his wife, Mrs. Annie Mercer (being the same person as Mrs. J. J. Mercer), a deed conveying to her the north half of said lot number 381 in 26th land district of Early County, said deed reciting a consideration of "five dollars and natural love and affection." This deed was filed for record in said clerk's office of superior court of Early County, Georgia, on April 27, 1922, and there recorded at page 575 of deed book 33. (c) On March 1, 1924, the said J. J. Mercer and Mrs. Annie Mercer made and delivered to W. L. Nowell their joint and several promissory note in the principal sum of $1080.60, due November 1, 1924, with interest at the rate of 8 per cent. per annum, and to secure its payment executed and delivered to said Nowell a mortgage on the northeast quarter of said lot No. 381. This mortgage was filed for record in said clerk's office on the 3rd day of April, 1924. (d) On March 18, 1930, said W. L. Nowell filed his petition in Early superior court against J. J. Mercer and Mrs. Annie Mercer as defendants, in which he prayed for a general judgment against said defendants on the $1080.60 note above described, that the deed from J. J. Mercer to Mrs. Annie Mercer above referred to be canceled; and for other relief. A copy of said petition, omitting exhibits, process, entry of filing and entry of service, is hereto attached as exhibit one. Process duly issued upon said petition, and the defendants were regularly served. Mrs. Annie Mercer appeared and filed an answer, a copy of which is hereto attached

(omitting verification), marked exhibit two. The issues made by the petition and answer were duly tried at the October, 1931, term of said court, the jury returning the following verdict: "We, the jury, find in favor of the plaintiff. This the 7th day of October, 1931. B. M. Jones, foreman." At the same term of court, on October 8th, 1931, a judgment and decree were rendered upon said verdict, a copy of the same being attached, marked exhibit three. On November 4th, 1931, an execution issued upon said judgment, a copy of which is hereto attached, with all entries thereon, marked exhibit four. Said execution was, as appears from the entry of levy thereon, levied upon the west half of the north half of lot of land number 381 in the 26th land district of Early County, Georgia, as the property of J. J. Mercer. (e) On September 1st, 1931, the said Mrs. Annie Mercer executed and delivered to her son, J. A. Mercer, the claimant, her deed to the north half of lot of land No. 381 in the 26th land district of Early County, Georgia, and the claimant went into possession of said land and is now in possession of same. The deed recited a consideration of $1000.00, and was filed for record in the office of the clerk of the superior court of said county of Early on October 7th, 1931, and there recorded on page 370 of deed book 40, before the jury returned the verdict in subdivision (d) above. (f) The deed referred to in paragraph (b) of this agreed statement of facts is the same deed referred to in paragraph 13 of the petition of W. L. Nowell v. J. J. Mercer and Mrs. Annie Mercer (a copy of which petition is hereto attached, marked exhibit one), and is the same deed as that referred to in the order of which a copy is hereto attached, marked exhibit three."

The judge found in favor of the plaintiff, and the claimant excepted.

██ Plaintiff in error excepts to the ruling of the trial court upon the ground that the original petition of W. L. Nowell against J. J. Mercer and Mrs. Annie Mercer did not with particularity describe "the west half of the north half of lot of land No. 381 in the 26th land district of Early County, Georgia," this being the land upon which levy was made and to which claim was filed; and that therefore the doctrine of lis pendens does not apply. We can not agree in this contention. While the petition referred to does not specifically describe the land, there is a prayer for cancellation of the deed from J. J. Mercer to Mrs. Annie Mercer, dated April 26,

40

1922. There were certainly sufficient allegations in the petition to amend by, and this court has repeatedly held that a defect which would be amendable before verdict would be cured by the judgment in the case. Code (1910), § 5960. *Wegman Piano Co.* v. *Irvine,* 107 *Ga.* 65 (32 S. E. 898, 73 Am. St. R. 109). In Bennett on Lis Pendens, § 93, it is said that a lis pendens will be created where there is such reference in a suit to property that, upon inquiry, the identity of the property involved can be ascertained. The reference to the deed, as above outlined, is such reference as would reveal the identity of the property which the petition in the instant case sought to describe.

■ Where a petition is brought against two defendants, setting up an indebtedness in a specified amount, as well as other allegations, and praying for a judgment for the amount claimed and for cancellation of a certain deed therein referred to, and where there is no denial by either defendant as to the correctness of the amount, a general verdict in favor of the plaintiff carries with it a verdict for the amount sued for, and a judgment based on such verdict and setting out the amount of recovery is not void as contrary to the verdict. *Judgment affirmed. All the Justices concur.*