S93A1979. BONNER v. GREEN et al.
(438 SE2d 360)

Clarke, Chief Justice.

The appellant and appellees are siblings. In January 1992, the appellees filed a suit in equity against appellant and a number of other relatives, seeking a decree of title to certain real property in which the mother of appellant and appellees had an interest. Appellant answered the complaint, and counterclaimed for sums which he maintained he had expended as administrator of his mother's estate. However, the appellant and other named defendants failed to appear when the case was called for trial. The trial court entered an order granting a default judgment in favor of the appellees, and dismissing with prejudice the appellant's counterclaim.

Nearly seven months later, the appellant filed a motion to set aside the judgment of the trial court, alleging that non-amendable defects appeared on the face of the record. OCGA § 9-11-60 (d). The trial court denied the motion, and we granted appellant's application to appeal, OCGA § 5-6-35 (a) (8), to consider the sole issue of whether the motion to set aside should have been granted on the ground that the trial court erred in dismissing appellant's counterclaim with prejudice.

Under Uniform Superior Court Rule 14, the trial "court may dismiss *without prejudice* any civil action . . . upon the failure to properly respond to the call of the action for trial. . . ." (Emphasis supplied.) Pursuant to OCGA § 9-11-41 (b) and (c), the dismissal of a counterclaim "for failure . . . to prosecute does not operate as an adjudication upon the merits. . . ." These authorities restrict the dismissal of an action for failure to appear at the call of the case "to one without prejudice." *Kraft, Inc. v. Abad,* 262 Ga. 336 (417 SE2d 317)

(1992).[1]

Because the trial court's dismissal of the counterclaim with prejudice constituted a nonamendable defect on the face of the record, see generally *Cooley v. All the World*, 247 Ga. 459 (3) (276 SE2d 615) (1981); *Murphy v. Murphy*, 263 Ga. 280, 283, fn. 2 (430 SE2d 749) (1993); *Brown v. C & S Nat. Bank*, 245 Ga. 515, 517 (265 SE2d 791) (1980), the trial court erred in denying appellant's motion to set aside the judgment under OCGA § 9-11-60 (d).

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 10, 1994 —
RECONSIDERATION DENIED FEBRUARY 3, 1994.

*Bush, Crowley & Leverett, J. Wayne Crowley,* for appellant.
*Adams & Hemingway, W. W. Hemingway, F. Bradford Wilson, Jr.,* for appellees.

---

[1] We note that *Kraft, Inc. v. Abad* is factually distinguishable. In that case we reversed the holding of the Court of Appeals that where a party fails to appear for trial, the trial court may not go forward with the case, but has only the authority to dismiss the action without prejudice. While we held in *Abad* that a dismissal of the action in this circumstance must be *without* prejudice, we also noted that a trial court is not limited to dismissal, but has other, specified options.