A94A1711. HARDEMAN et al. v. ROBERTS.
(448 SE2d 254)

BLACKBURN, Judge.
Plaintiffs appeal the trial court's order which granted the defendant's motion to set aside the judgment. The underlying personal in-

jury action arose out of a motor vehicle collision between the parties on December 15, 1990. On June 30, 1992, plaintiffs filed the present action. The defendant was personally served on July 2, 1992, and the defendant's insurance carrier, Safeway Insurance Company, was given notice of the action by certified mail, return receipt requested as provided by OCGA § 40-9-103 (c). The defendant failed to file any responsive pleadings. On December 15, 1992, a jury trial was conducted and a verdict was rendered in favor of the plaintiffs in the amount of $75,000.

On May 21, 1993, defendant filed a motion to set aside the judgment pursuant to OCGA § 9-11-60 (d) (3) predicated on a contention that the judgment should be set aside because the defendant did not receive notice of trial. The defendant's counsel attached an affidavit to the motion to set aside in which he averred that he had represented the defendant in a prior civil action between the same parties that had been voluntarily dismissed by plaintiffs. The trial court granted defendant's motion to set aside the judgment based upon its factual finding that plaintiffs had failed to comply with Uniform State Court Rule 4.8 requiring notice to the court that the present action was the renewal of a previously filed action.

On appeal, plaintiffs assert that any failure to notify the trial court of the renewal status of their action was not a nonamendable defect appearing on the face of the record as required by OCGA § 9-11-60 (d) (3). We agree and reverse.

OCGA § 9-11-60 (d) (3) provides that a judgment may be set aside based upon "[a] non-amendable defect which appears upon the face of the record or pleadings." The alleged nonamendable defect must be apparent from the face of the record in the absence of the additional evidence. *Capital Assoc. v. Keoho*, 173 Ga. App. 627, 628 (327 SE2d 586) (1985). "[A] motion to set aside 'will not be granted where matters upon which it is predicated must be developed by evidence.' [Cits.]" *Glenn v. Maddux*, 149 Ga. App. 158, 159 (253 SE2d 835) (1979). In the present case, no error appeared on the face of the record prior to the defendant's exhibits attached to his motion to set aside the judgment. Therefore, the trial court erred in granting defendant's motion to set aside the judgment.

*Judgment reversed. Senior Appellate Judge Harold R. Banke concurs. Birdsong, P. J., concurs specially.*

BIRDSONG, Presiding Judge, concurring specially.

I concur with the majority that the judgment of the trial court must be reversed; however, I cannot join in the analysis employed by my colleagues in arriving at this disposition.

Uniform Superior Court Rule 4.8 (to notify of related cases) must be read in pari materia with Uniform Superior Court Rule 4.1 (prohi-

bition on ex parte communications). We so read it is readily apparent that notice to judges under Rule 4.8 must be communicated in writing with a copy to opposing counsel so as to avoid the prohibition against ex parte communications. Such notice would become a part of the record in the case; lack of written notice therefore would be apparent from the face of the record.

However, Rule 4.8 is merely an administrative rule designed to promote judicial economy and to facilitate timely case disposition; it does not on its face create any procedural or substantive due process rights in behalf of an opposing party. In this case, written notice was not given in accordance with Rule 4.8 but the case proceeded to a jury verdict in favor of appellants/plaintiffs; thereafter, judgment was entered to conform to the verdict (see generally OCGA § 9-12-9). Any procedural deficiency arising from lack of notice under Rule 4.8 would not result per se in any form of error prejudicial to the fundamental rights of the parties. Lack of notice under Rule 4.8 could be cured by timely amendment prior to trial and, in the absence of actual prejudice shown, until the verdict itself. A defect which would be amendable before the verdict would be cured by the judgment in the case. *Mercer v. Nowell*, 179 Ga. 37, 40 (175 SE 12). Moreover, "[a] judgment may not be set aside for any defect in the pleadings or the record that is aided by verdict or amendable as a matter of form." OCGA § 9-12-15; *Auld v. Schmelz*, 199 Ga. 633 (1) (34 SE2d 860). The judgment in this case was perforce aided by the verdict to which it conformed.

Additionally, any error caused by failure to give written notice as required by Rule 4.8 was not, under the circumstances here attendant, inconsistent with substantial justice and did not affect adversely the substantial rights of the parties. Accordingly, any such error would be harmless and, pursuant to OCGA § 9-11-61, would provide no grounds for setting aside the verdict or for vacating the judgment. See also OCGA § 9-12-4 (verdicts shall not be avoided unless from necessity).

DECIDED AUGUST 22, 1994.

*Manchel, Johnson & Wiggins, Howard J. Manchel, Allan L. Galbraith,* for appellants.
*Crim & Bassler, Nikolai Makarenko, Jr.,* for appellee.