### S95A0926. BARNES v. WILLIAMS.
(462 SE2d 612)

BENHAM, Chief Justice.

Barnes filed an action for legitimation and custody of the two children he had with Williams. After legitimation was granted, the trial court referred the question of custody to juvenile court. Before the juvenile court entered an order on custody, it granted Barnes's motion to dismiss. The trial court, however, referred the case back to juvenile court with direction that it enter an order on permanent custody, and the juvenile court awarded permanent custody to Williams.

Barnes then filed the divorce action out of which this appeal arises, seeking among other things, permanent custody of the children. His motion to set aside the juvenile court's custody order was denied and the trial court awarded custody to Williams, ruling that the question of custody was foreclosed by res judicata. We granted Barnes's application for discretionary appeal to consider the application of the doctrine of res judicata to the question of custody.

1. Barnes based his motion to set aside the juvenile court's custody order on OCGA § 9-11-60 (d) (1) & (3). He relied first on the provision in § 9-11-60 (d) (1) that a judgment may be set aside for lack of personal or subject matter jurisdiction, contending that the grant of his motion in juvenile court to dismiss his claim for custody deprived the juvenile court of jurisdiction. That reliance was misplaced since personal jurisdiction was unquestioned in the previous action, and the subject matter jurisdiction of the juvenile court to decide custody issues transferred to it by a superior court is established by OCGA § 15-11-6 (b). His reliance on § 9-11-60 (d) (3), authorizing a judgment to be set aside for a nonamendable defect on the face of the record was also misplaced: subsection (d) (3) provides that the nonamendable defect must be one which shows that no claim exists, and it is clear from the record that Williams, as mother of the children, had a claim to custody of them. Accordingly, no error appears in the denial of the motion to set aside.

2. The trial court foreclosed litigation of the issue of custody of the parties' children by ruling that the previous order of the juvenile court on that issue was res judicata. "A judgment fixing the custody of a minor child is conclusive between the parties, and the principle of res judicata is applicable, unless a material change in circumstances substantially affecting the welfare of the child is made to appear." *Madison v. Montgomery*, 206 Ga. 199, hn. 1 (56 SE2d 292) (1949). In his verified complaint for divorce, Barnes averred that Williams's conduct, some of it subsequent to the juvenile court's award of custody to her, was detrimental to the children's welfare. Such allegations amount to an assertion that changed conditions since the previous award of custody warrant a change of custody. Under those circumstances, res judicata was inapplicable and Barnes was entitled to litigate that issue. See *Robinson v. Ashmore*, 232 Ga. 498 (2) (207 SE2d 484) (1974); *Durden v. Barron*, 155 Ga. App. 529 (271 SE2d 667) (1980).

3. Williams argues that the trial court was correct in not permitting Barnes to litigate the issue of custody because the existence of changed circumstances affecting the welfare of the children was not made an issue in the pretrial order. The transcript excerpt made part of the appellate record supports that argument, showing that the trial court considered the issue closed for the reason assigned by Williams.

That reason is not adequate, however, because although a proposed pretrial order is in the record, there is no pretrial order signed by the trial court and entered of record. Thus, there was no pretrial order controlling the issues to be litigated. See *Applied Ecological Sys. v. Weskem, Inc.*, 212 Ga. App. 65 (441 SE2d 279) (1994). That being so, the trial court's refusal to permit the issue of custody to be litigated was error entitling Barnes to a new trial on that issue.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 16, 1995 —
RECONSIDERATION DENIED NOVEMBER 9, 1995.

Winiford Barnes, *pro se.*
Michael A. Gabel, for appellee.