## A98A1434. BROWN v. ADAMS.
### (506 SE2d 135)

POPE, Presiding Judge.

We granted Brown's application for discretionary review to review the state court's dismissal of Brown's appeal from magistrate court. For the reasons outlined below, we reverse.

Appellant Billie Brown, proceeding pro se, sued W. Samuel Adams in magistrate court for property damages to her automobile, which she claimed arose from an automobile accident caused by Adams. On October 6, 1997, the case came for trial. After Brown presented her case, Adams moved for a directed verdict based on Brown's failure to prove damages.[1] The magistrate court dismissed the case and entered an order to that effect. In doing so, the magistrate court marked through the preprinted words "Judgment for Defendant" and wrote in the heading "Involuntary Dismissal." The court's dismissal states that after hearing the plaintiff's evidence, and pursuant to defendant's motion to dismiss, judgment was granted and costs were assessed against the plaintiff.

Brown then filed a timely appeal to the state court. The state court dismissed Brown's appeal, stating: "[i]nasmuch as an involuntary dismissal is not a judgment, it is not appealable pursuant to OCGA § 15-10-41 (b) (1)." Here, Brown argues that the state court erred in determining that the dismissal from magistrate court was not a final, appealable judgment. Adams does not dispute that the state court erred in dismissing the appeal.

The magistrate's order of involuntary dismissal concluded the litigation and no issues remained pending. The magistrate court entered the order after it heard plaintiff's evidence, and in response to defendant's motion. Although it was not denominated a "final judgment," the magistrate ruling was a final judgment subject to direct appeal to the state court, and the state court erred in dismissing the appeal. OCGA § 15-10-41 (b) (1).

Our conclusion is strengthened by analogy to the Civil Practice Act. Although OCGA § 15-10-42 makes the Civil Practice Act inapplicable to magistrate courts,[2] OCGA § 9-11-41 (b) outlines the finality of an "involuntary dismissal." The statute provides: "[a]fter the plaintiff, in an action tried by the court without a jury, has completed the

---

[1] There is no transcript of the proceedings in magistrate court. While Brown states that at the conclusion of her evidence Adams moved to dismiss, Adams recalls that at the conclusion of her case, he moved for a directed verdict. Regardless of the nomenclature attached to the motion, it is undisputed that Adams moved the court to dispense of the case because Brown had presented insufficient evidence of damages.

[2] The Supreme Court has held that this statute permits, but does not require, magistrate courts to follow the Civil Practice Act. *Howe v. Roberts*, 259 Ga. 617 (385 SE2d 276) (1989).

presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine the facts and *render judgment* against the plaintiff or may decline to render any judgment until the close of all the evidence." (Emphasis supplied.) The statute then provides: "(1) A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of any indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise." See generally *Bonner v. Green*, 263 Ga. 773 (438 SE2d 360) (1994) (discussion of dismissal with prejudice and dismissal without prejudice for failure to prosecute).

In this case, the magistrate ruled on the merits of the matter and the order entitled an "involuntary dismissal" constituted a ruling on the merits. As such, the order was a final judgment which was directly appealable to the state court under OCGA § 15-10-41 (b).

*Judgment reversed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 10, 1998.

*Robert E. McCormack III*, for appellant.
*Sharon W. Ware & Associates, Scott K. Spooner*, for appellee.