## A00A2293. McKINNEY v. JENNINGS.
(542 SE2d 580)

MIKELL, Judge.

This is an appeal from the grant of a stepparent adoption. The trial court entered a decree allowing Alvin L. Jennings to adopt the natural child of Randy McKinney. McKinney, who was incarcerated at the time the decree was entered, challenges the adoption on due process grounds.

As a preliminary matter, we note that McKinney has attached to his brief documents which have not been certified by the clerk of the trial court as a part of the appellate record, in violation of Court of Appeals Rule 23 (f). Because the attached documents are not part of the record, we will not consider them in this appeal.

Additionally, McKinney has failed to include a statement of the applicable standard of review in his brief as required by Court of Appeals Rule 27 (a) (3). The appropriate standard of review in a case where a parent's rights to his child have been severed is "whether[,] after reviewing the evidence in the light most favorable to the appellee [Jennings], any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost." (Citation and punctuation omitted.) *In the Interest of W. W. C.*, 210 Ga. App. 492 (436 SE2d 685) (1993).

So viewed, the record shows that Brandon Dominique McKinney was born on August 27, 1989. The child's biological parents, Randy McKinney and Erika Nesbitt Jennings, were not married at the time of the birth, and McKinney did not take steps to legitimate the child. According to Ms. Jennings, McKinney was convicted of a "serious sexual criminal offense" prior to the child's second birthday and was incarcerated for several years, during which he did not attempt to contact his child or Ms. Jennings. Following his release, McKinney was incarcerated again as a repeat sexual offender and is currently incarcerated at the Manning Correctional Institute in Columbia, South Carolina. According to Ms. Jennings, McKinney has never attempted to communicate with the child, nor has he provided for the care and support of the child. McKinney has not registered with the Putative Father Registry.

Jennings is the child's stepfather and has supported Brandon financially and emotionally since his marriage to the child's mother on May 25, 1996.

Jennings filed a petition for adoption on November 29, 1999. Service was attempted at Perry Correctional Institute in Pelzer, South Carolina, which was McKinney's last known address; however, the attempt was unsuccessful because McKinney had been transferred to a different facility. He was finally served on February 9, 2000. McKinney mailed an objection on February 14, which was filed on

February 23. The court held a hearing on Jennings' petition on February 17, 2000, and entered a decree of adoption that same day.

1. Initially, we must resolve Jennings' motion to dismiss McKinney's appeal. McKinney first filed a notice of appeal pro se; however, he failed to perfect service on Jennings as required by OCGA § 5-6-32. The court below subsequently appointed appellate counsel who filed an amended notice of appeal, which was properly served on Jennings. OCGA § 5-6-48 (a) provides that failure to perfect service "shall not work dismissal" of an appeal. Therefore, Jennings' motion to dismiss McKinney's appeal is denied.

2. McKinney first argues that he was denied due process of law because he was not given 30 days notice of the adoption hearing. Jennings filed his petition for adoption pursuant to OCGA § 19-8-10 (b), which provides that surrender of parental rights is not required in cases where the natural parent, for a period of one year or longer and without justifiable cause, has significantly failed to communicate with the child or to provide for the care and support of the child. OCGA § 19-8-10 (c) provides that in cases where there has been no prior surrender or termination of parental rights, the natural parent must receive service of the petition for adoption as specified in OCGA § 19-8-14. That statute requires a period of at least 30 days between service of the petition on the natural parent and the final adoption hearing.

In the case sub judice, McKinney was served on February 9, 2000, and the court held the final hearing eight days later, on February 17. Therefore, McKinney was not afforded the 30-day period mandated as a prerequisite to the termination of his parental rights and the stepparent adoption of his natural child. It is well settled that adoption laws must be strictly construed in favor of natural parents. *Jones v. Sauls*, 213 Ga. App. 55, 58 (3) (c) (443 SE2d 693) (1994). Thus, we reluctantly vacate the decree of adoption and remand the case to the trial court to conduct a hearing in accordance with OCGA § 19-8-14.

3. Based on our holding in Division 2, we need not reach McKinney's second enumeration of error in which he challenges the court's conclusion that his significant lack of communication with and support of his child rendered surrender of parental rights unnecessary.

*Judgment vacated and remanded. Pope, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 20, 2000.

*Mark R. Gaffney*, for appellant.
Randy McKinney, *pro se*.

*Latina H. Bryan*, for appellee.

Alvin L. Jennings, *pro se*.