**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 1, 2013**

# In the Court of Appeals of Georgia

A12A2549. HAFER v. LOWRY.

MCFADDEN, Judge.

The father of a minor child appeals from a trial court order terminating his parental rights and granting a petition for stepparent adoption of the child. Because the trial court violated the father's right to be heard and show cause why his parental rights should not be terminated, we vacate the order and remand for further proceedings.

Appellant Michael Hafer and Tara Hafer Lowry were formerly married. During the marriage, in November 2007, Tara gave birth to the couple's child, M. Q. H. The couple divorced in September 2008, and the divorce decree awarded sole custody of the child to Tara. In August 2011, Tara married Terry Lowry, Jr. A month later, in September 2011, Terry Lowry filed a petition for stepparent adoption pursuant to

OCGA § 19-8-10 (b), claiming, among other things, that Hafer's parental rights should be terminated because for more than a year he had failed to communicate with the child or provide for the child's care and support as required by the divorce decree. Hafer filed an objection to the petition.

On March 22, 2012, the trial court held a hearing on the petition. Lowry's attorney called Hafer as the first witness for purposes of cross-examination. Hafer was questioned by opposing counsel and his own attorney. Then, while he was on re-cross-examination, the trial judge intervened, stopped all presentation of the evidence, and announced his ruling. As Hafer's counsel was in the midst of an evidentiary stipulation, the trial judge interrupted him and declared, "At any rate, though, regardless of all that, I think I've heard enough of this case and I'm ready to make a ruling in the case." The judge then ruled that Hafer had lost his parental rights and granted the step-parent adoption. Counsel for Hafer immediately objected, stating, "I have not been able to present my case fully and just for the record I object to that. There's other witnesses I was going to call; there's other evidence. I've been cut short all day today." The trial judge disregarded the objection, moved on to other matters and subsequently entered its final order granting the step-parent adoption.

2

Generally, a stepparent may adopt his or her spouse's child only if the biological parent whose rights will end with the adoption voluntarily and in writing surrenders all of his or her rights to the child to the stepparent for the purpose of enabling the stepparent to adopt the child. If the biological parent refuses to surrender his or her parental rights, OCGA § 19-8-10 (b) provides that the court may still grant the stepparent's petition to adopt the child if it finds, inter alia, that there is clear and convincing evidence that the parent, for a period of one year or longer immediately prior to the filing of the petition for adoption, without justifiable cause, has significantly failed: (1) To communicate or to make a bona fide attempt to communicate with that child in a meaningful, supportive, parental manner; or (2) To provide for the care and support of that child as required by law or judicial decree.

(Citation and punctuation omitted.) *Weber v. Livingston*, 309 Ga. App. 665, 666 (710 SE2d 864) (2011).

In such a case, it is the stepparent petitioner's burden to prove that termination of the biological parent's parental rights is warranted. *In re Marks*, 300 Ga. App. 239,

3

242 (684 SE2d 364) (2009). And OCGA § 19-8-10 (c) further provides that the biological parent must be served with a copy of the petition and that such parent "may appear in the pending adoption action and show cause why such parent's rights to the child sought to be adopted in the action should not be terminated by that adoption." *Smallwood v. Davis*, 292 Ga. App. 173, 176-177 (2) (664 SE2d 254) (2008).

In this case, Hafer was properly served with a copy of the petition, objected to it and appeared at the hearing to show cause why his parental rights to M. Q. H. should not be terminated. However, during the presentation of the petitioner's evidence, the trial court sua sponte ended the matter and refused to allow Hafer to present his witnesses and other evidence to show cause why his parental rights should not be terminated. "It is well settled that adoption laws must be strictly construed in favor of natural parents. [Cit.]" *McKinney v. Jennings*, 246 Ga. App. 862, 863 (2) (542 SE2d 580) (2000). Moreover, "'[t]he fundamental idea of due process is notice and an opportunity to be heard.' [Cit.]" *Gottschalk v. Gottschalk*, 311 Ga. App. 304, 312 (5) (715 SE2d 715) (2011). Here, by foreclosing Hafer's right to show cause why his parental rights should not be terminated, the trial court deprived him of a meaningful opportunity to be heard. See generally *Thorne v. Padgett*, 259 Ga. 650, 651-652 (386 SE2d 155) (1989) (finding that former termination statute deprived

parent of meaningful opportunity to be heard and thus denied due process). Accordingly, we vacate the decree of stepparent adoption and remand the case to the trial court to conduct a hearing consistent with this opinion. See *McKinney*, supra.

*Judgment vacated and case remanded with direction. Barnes, P. J., and McMillian J., concur.*