**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 13, 2013**

# In the Court of Appeals of Georgia

A13A1464.  WILLIAMS  v.  CONTEMPORARY  SERVICES
CORPORATION et al.

BRANCH, Judge.

Nora Williams appeals the trial court's decisions to set aside a default judgment and to open default in favor of Contemporary Services Corporation ("Contemporary"). For the reasons stated below, we reverse.

The record shows that Williams filed her complaint for damages on March 3, 2010; that Williams caused Contemporary's registered agent in Georgia to be served on March 11, 2010; that on June 3, 2010, Williams filed proof of service of process; and that as of June 30, 2010, Contemporary had failed to answer. On June 30, 2010, the trial court issued a rule nisi for a hearing to be held on August 13, 2010, and on

that day the trial court held a hearing and a bench trial on damages, following which it entered a judgment by default in the amount of $85,000 plus interest.[1]

On October 20, 2010, Contemporary filed a motion to set aside the judgment and to open default, as well as a certificate of counsel, supporting affidavits, and a proposed answer. Eight months later, on June 21, 2011, the trial court granted Contemporary's motion, set aside the default judgment, and opened default. On June 27, 2011, Contemporary filed its answer and paid the costs to open default. Williams thereafter moved for reconsideration, but the court denied the motion.

The case proceeded to a bench trial. Following opening arguments, Williams rested her case without introducing evidence. Contemporary moved for a judgment on the grounds that Williams failed to introduce any evidence and failed to prosecute the case. The trial court directed a verdict in favor of Contemporary and subsequently entered a final judgment in favor of Contemporary on August 22, 2012. Williams filed a notice of appeal from this judgment on August 30, 2012.

1. Williams contends the trial court erred by setting aside the default judgment. "A trial court's decision regarding a motion to set aside a judgment will not be

---

[1] The judgment explains that at the hearing, the court heard evidence regarding Williams's unliquidated damages.

reversed absent a showing of manifest abuse of discretion." (Citation omitted.) *Kent v. State Farm Mut. Auto. Ins. Co.,* 233 Ga. App. 564, 566 (2) (504 SE2d 710) (1998).

Outside of the term of court in which a judgment has been entered,[2] it may be set aside only for one of three reasons:

> (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings.

OCGA § 9-11-60 (d); *The Pantry v. Harris*, 271 Ga. App. 346, 347 (2) (609 SE2d 692) (2005) ("the first and essential step against any final judgment, including a default judgment, is a motion to set aside the judgment under OCGA § 9-11-60 (d)"). In this case, the trial court set aside the default judgment on the ground that a nonamendable defect appeared on the face of the record in that "[h]aving reviewed the record, it appears that no Certificate of Default was ever filed by Plaintiff" in

---

[2] See *Bridgestone/Firestone North American Tire v. Jenkins*, 261 Ga. App. 20, 21 (2) (582 SE2d 9) (2003) ("[A] court may exercise its discretion for meritorious reasons to set aside a judgment within the same term of court. . . . Once that term of court has ended, however, a judgment may only be set aside under the procedures in OCGA § 9-11-60 (d).") (citations omitted). Here, Contemporary filed its motion to set aside the judgment outside of the term in which the default judgment was entered.

3

compliance with Uniform Superior Court Rule ("USCR") 15.[3] Williams contends this ruling was error. We agree.[4]

In attempting to secure a default judgment, Williams was required by USCR 15 to "certify to the court" in writing two items of information: the date and type of service effected on Contemporary and that the court records show no defensive pleading had been filed. The rule provides that the certificate "must be attached to the proposed default judgment when presented to the judge for signature." The plain terms

---

[3] The party seeking entry of a default judgment in any action shall certify to the court the date and type of service effected and that no defensive pleading has been filed by the defendant as shown by court records. This certificate shall be in writing and must be attached to the proposed default judgment when presented to the judge for signature.

Uniform Superior Court Rule 15.

[4] In the trial court, Contemporary moved to set aside the judgment on the second and third bases of OCGA § 9-11-60 (d): fraud/accident/mistake; and nonamendable defect in the record. Contemporary never argued that the trial court lacked jurisdiction over Contemporary. On appeal, Contemporary has abandoned its argument based on OCGA § 9-11-60 (d) (2) (fraud/accident/mistake). Thus the only issue on appeal regarding the trial court's decision to set aside the default judgment is whether there was a nonamendable defect in the record. And "[t]he alleged nonamendable defect must be apparent from the face of the record in the absence of the additional evidence." (Citation omitted.) *Hardeman v. Roberts*, 214 Ga. App. 484, 485 (448 SE2d 254) (1994).

of the rule show that the certificate is intended to assure the judge who has received a proposed default judgment that the defendant was in fact served and in fact failed to answer, information already available in the record.[5] In fact, in the Rule Nisi issued by the trial court, the judge "noted" that service had been perfected but that no answer had been filed. Based on the apparent purpose of Rule 15 and the fact that the same information required in the Rule 15 certificate can be found in the record, we conclude that the failure to file a Rule 15 certificate is not a nonamendable defect in the record sufficient to authorize the trial court to set aside a default judgment under OCGA § 9-11-60 (d).[6] Cf. *Hardeman*, 214 Ga. App. at 485 (failure to notify trial court pursuant to USCR 4.8 that action was a renewed action was not a nonamendable defect appearing on the face of the record under OCGA § 9-11-60 (d) (3)) (physical precedent only). Compare *SRM Realty Servs. Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 604-605 (3) (617 SE2d 581) (2005) (holding that Rule 15

---

[5] See OCGA § 9-11-4 (h) ("The person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date.").

[6] By our holding, we do not mean to suggest that Rule 15 should be ignored; rather, parties and their counsel should abide by its terms. We hold only that where the information required by Rule 15 is found in the record, the failure to provide a Rule 15 certificate in connection with a proposed default judgment does not constitute a non-amendable defect in the record.

5

certificate at issue satisfied the requirements of that rule but not addressing whether a complete failure to file a Rule 15 certificate constitutes a nonamendable defect in the record).

Moreover, the Civil Practice Act provides that when the defendant has not filed a timely answer, "the case shall automatically become in default" and if the case is still in default after the expiration of the statutory period of 15 days for opening default as a matter of right, "the plaintiff at any time thereafter *shall be entitled to verdict and judgment by default*, in open court or in chambers . . . unless the action is one ex delicto or involves unliquidated damages." OCGA § 9-11-55 (a) (emphasis supplied). See, e.g., *H. N. Real Estate Group v. Dixon*, 298 Ga. App. 124, 126 (679 SE2d 130) (2009) (where defendant did not answer and did not move to open the default within the statutory time period, plaintiff "was entitled to verdict and judgment it its favor") (citation omitted); *Lewis v. Waller*, 282 Ga. App. 8, 11 (1) (a) (637 SE2d 505) (2006) (trial court erred in failing to grant default judgment where defendant failed to answer or open default within 15 days thereafter). As stated by this Court,

> The plain language of [OCGA § 9-11-55] "entitles" a plaintiff default judgment where, as here, a defendant has failed to serve an answer timely, 15 days have elapsed from the time an answer was due without an answer served and costs paid, the defaulting defendant has made no

6

attempt to open the default, and the action does not fall within any of the exceptions set forth in that Code section.

*SRM Realty*, 274 Ga. App. at 604 (2).

And when court rules conflict with statutory law or case law, the court rules must yield to substantive law. See USCR, Preamble ("It is not the intention, nor shall it be the effect, of these rules to conflict with the Constitution or substantive law, either per se or in individual actions and these rules shall be so construed and in case of conflict shall yield to substantive law."). See also *Russell v. Russell*, 257 Ga. 177 (356 SE2d 884) (1987) (case law precedent controlled over provisions of USCR 24.6 (D)); *Wyse v. Potamkin Chrysler-Plymouth*, 189 Ga. App. 64, 65 (1) (374 SE2d 785) (1988) (provisions of USCR 6.2 must yield to provisions of OCGA § 9-11-56 (c)).

Because Contemporary failed to establish the presence of a nonamendable defect on the face of the record, the trial court abused its discretion by granting Contemporary's motion to set aside the default judgment, and we therefore reverse. See, e.g., *H. N. Real Estate*, 298 Ga. App. at 126. Because the trial court erred by setting aside the default judgment, we need not reach Williams's remaining enumerations of error, including that the trial court erred by opening default for Contemporary under OCGA § 9-11-55.

*Judgment reversed. Phipps, C. J., and Ellington, P. J., concur.*