**THIRD DIVISION
MCFADDEN, C. J.,
DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 2, 2020**

# In the Court of Appeals of Georgia

A20A0521. SKIPPER et al. v. PAUL.

MCFADDEN, Chief Judge.

This appeal challenges a trial court order granting a motion to set aside a final adoption decree on the basis of purported nonamendable defects appearing on the face of the record and pleadings. But because the defects were amendable, rather than nonamendable, the trial court abused its discretion in setting aside the final judgment. So we reverse.

1. *Facts and procedural posture.*

Jennifer Paul and John Brannen are the biological parents of a minor child. On March 8, 2018, two months prior to the child's birth, Brannen executed a surrender of parental rights and release for adoption, along with an acknowledgment of the surrender. The child was born on May 7, 2018, and the next day, Paul executed a

surrender of parental rights and an acknowledgment of the surrender in favor of prospective adoptive parents Alan Skipper and Ralph Cowart, Jr., who are not related to the child. Paul also entered into a custody agreement with Skipper and Cowart, relinquishing custody of the child to them until the adoption was completed. On May 9, 2018, the trial court accepted the custody agreement and awarded sole legal and physical custody of the child to Skipper and Cowart until completion of the adoption.

Skipper and Cowart filed a verified petition for adoption of the child pursuant to OCGA § 19-8-5, which establishes the procedures for adoption by a third-party who is not a stepparent or relative of the child. On May 22, 2018, after a hearing, the trial court entered a decree of adoption, finding that the biological parents had surrendered their parental rights and had not withdrawn the surrenders within the ten days allowed by law; terminating their parental rights; finding that adoption is in the best interests of the child; and making final the adoption of the child by the petitioners.

Five months later, on October 25, 2018, Paul filed a motion to set aside the final adoption decree based on alleged fraud and on purported nonamendable defects appearing on the face of the pleadings. After a three-day hearing, which included the introduction of testimony and documents regarding matters outside the pleadings, the

2

trial court entered an order denying the motion to set aside based on the allegation of fraud, but granting the motion based on the court's findings of nonamendable defects on the face of the record and pleadings. Specifically, the court found nonamendable defects in that the two forms executed by Brannen surrendering his parental rights were not supported by an affidavit from Paul; in that the two forms executed by Paul surrendering her parental rights did not conform with certain statutory requirements; and in that Skipper and Cowart's attorneys failed to file several statutory forms and documents with the court. Skipper and Cowart appeal from the order setting aside the final adoption decree.

2. *OCGA § 9-11-60 (d) (3).*

The appellants assert that the trial court erred in finding that the defects in the adoption documents, which did not affect the rights of Paul or the merits of the adoption petition, authorized the setting aside of the final decree of adoption. We agree.

OCGA § 9-11-60 (d) (3) provides that a motion to set aside a judgment may be brought based upon "[a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the

3

pleadings must affirmatively show no claim in fact existed." In order to set aside a judgment under this code section, "the nonamendable defect must be one which shows that no claim exists[.]" *Barnes v. Williams*, 265 Ga. 834, 835 (1) (462 SE2d 612) (1995). Accord *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644 (2) (740 SE2d 363) (2013) ("Under OCGA § 9-11-60 (d) (3), the pleadings must affirmatively show no claim in fact existed.") (citations and punctuation omitted). So "[w]here there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed, the judgment is void. The presence of an *amendable* defect on the face of the record, however, does not void the action." *Horizon Credit Corp. v. Lanier Bank & Trust Co.*, 220 Ga. App. 362 (1) (469 SE2d 452) (1996) (citations omitted; emphasis in original). See *Hardeman v. Roberts*, 214 Ga. App. 484, 486 (448 SE2d 254) (1994) (special concurrence) (citing *Mercer v. Nowell*, 179 Ga. 37, 40 (175 SE 12) (1934) for proposition that "[a] defect which would be amendable before verdict would be cured by the judgment in the case.") "When the irregularities in the record can be corrected by amendment, the judgment will not be arrested or set aside. Defects in matters of form can be

amended." *Norton Realty & Loan Co. v. Bd. of Educ. of Hall County*, 129 Ga. App. 668, 674 (4) (200 SE2d 461) (1973) (citations and punctuation omitted).

Consequently, nonamendable defects that have been recognized as showing no claim in fact existed and as authorizing the setting aside of judgments include the entry of a default judgment for failure to answer an amended complaint where no such answer was required, *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006); the dismissal of a claim with prejudice where such a dismissal could only be without prejudice, *Bonner v. Green*, 263 Ga. 773, 774 (438 SE2d 360) (1994); the failure to provide a party with notice of a final hearing, *Coker v. Coker*, 251 Ga. 542, 543 (307 S.E.2d 921) (1983); and the failure to conduct a jury trial where there was no waiver of the right to a jury trial, *Barner v. Binkley*, 304 Ga. App. 73, 75 (2) (695 SE2d 398) (2010).

Conversely, the absence of a judge's required signature on an affidavit for garnishment was held to be an amendable defect that did not justify the grant of a motion to set aside, *Horizon Credit Corp.*, supra at 362-364 (1). Similarly, the failure to file a required certificate of default was not a nonamendable defect sufficient to authorize the trial court to set aside a default judgment under OCGA § 9-11-60 (d) (3). *Williams v. Contemporary Servs. Corp.*, 325 Ga. App. 299, 301 ( 750 SE2d 460)

5

(2013). See also *Oxmoor Portfolio*, supra at 644-645 (2) (recognizing that an answer not bearing necessary signature of an attorney was an amendable defect that could have been cured before judgment).

In the instant case, the various defects in the pleadings and record cited by the trial court were not nonamendable defects showing that no claim for third-party adoption in fact existed. See OCGA § 19-8-5 (a) (child may be adopted by a party who is not a relative of the child if each living parent of such child voluntarily and in writing surrendered all of his or her parental rights). Rather, they were defects of form that were amendable and could have been cured prior to judgment. See OCGA § 9-12-15 ("A judgment may not be set aside for any defect in the pleadings or the record that is aided by verdict or amendable as a matter of form.")

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion." *Oxmoor Portfolio*, supra at 644 (2) (citation and punctuation omitted). In this case,

> the pleadings do not affirmatively show that no claim [for adoption] in fact existed and that there was no basis upon which to enter [the adoption decree]. Because [the trial court's findings] failed to establish the presence of a nonamendable defect on the face of the record or pleadings, the court abused its discretion by granting [the] motion to set aside the [adoption decree].

6

*Williams*, supra at 302. Compare *Fiffee v. Jiggetts*, 353 Ga. App. 730, 736 (2) (839 SE2d 224) (2020) (failure to provide proper notice of a custody modification hearing constituted nonamendable defect that can justify setting aside judgment). We therefore reverse the trial court's order setting aside the adoption decree.

*Judgment reversed. Hodges, J., concur*s *in judgment only. Doyle, P. J., dissents*.

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A20A0521. SKIPPER et al. v. PAUL.

DOYLE, Presiding Judge.

Because the trial court did not abuse its discretion by setting aside the final judgment of adoption pursuant to OCGA § 9-11-60 (d) based upon its conclusion that the multiple defects appearing on the face of the record and pleadings were nonamendable, I respectfully dissent.

OCGA § 9-11-60 (d) (3) authorizes a trial court to set aside its judgment based upon "[a] nonamendable defect which appears upon the face of the record or pleadings." "A trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) (3) is reviewed for an abuse of discretion."[1]

---

[1] (Punctuation omitted.) *Dept. of Transp. v. Szenczi*, ___ Ga. App. ___, ___ (841 SE2d 228) (2020), quoting *Nadel v. Branch Banking &c.*, 340 Ga. App. 213, 215 (797 SE2d 140) (2017). See also *AA-Professional Bail Bonding v. Ga.*, 265 Ga. App. 42 (592 SE2d 866) (2004) (holding that a trial court's decision to set aside a judgment based on a nonamendable defect appearing on the face of the record or pleadings pursuant to OCGA § 9-11-60 (d) (3) "'will not be reversed absent a showing of manifest abuse of discretion'").

In its order granting the motion to set aside the adoption under that Code section, the trial court identified multiple nonamendable defects on the face of the record and pleadings, including that Paul's surrender of parental rights failed to conform to statutory requirements because: it did not use the statutory language required under OCGA § 19-8-26 (c) for a non-stepparent and non-relative adoption, but instead used the form for a surrender of parental rights to DFCS or a licensed child-placing agency; Paul did not sign it under oath before a notary public, and it was not witnessed by another adult; and it failed to include certain specific information regarding revocation required by OCGA § 19-8-26 (g).[2] Pretermitting, however, whether these defects in the pleadings constitute nonamendable defects,[3] the trial court also based its order setting aside the adoption on multiple other grounds.

First, although Brannen (the biological father) executed a pre-birth surrender of parental rights pursuant to OCGA § 19-8-5 (e) (3), the statute requires that Paul,

[2] The pleadings were prepared by the appellants' attorney. Paul was not represented by counsel when she signed the surrender and other pleadings.

[3] See *Tyson v. Dept. of Human Resources*, 165 Ga. App. 414, 414-415 (301 SE2d 485) (1983) (affirming the dismissal of an adoption petition because the use of a form for the surrender of a child to relatives instead of a form for surrender to non-relative third parties "was fatally defective").

2

as the biological mother, is required to execute "a sworn statement" identifying him as an alleged biological father of her unborn child pursuant to OCGA § 19-8-26 *before* the father executes his surrender.[4] It is undisputed that the record does not contain such a sworn statement by Paul, and the appellants' counsel conceded at the hearing on the motion to set aside that no such statement existed if it did not appear in the record.

Next, the appellants' counsel failed to file the attorney's affidavit required by OCGA § 19-8-13 (d) detailing all sums paid or promised to them for all services rendered in connection with the adoption, and the accounting the Petitioners filed under OCGA § 19-8-13 (c) was incomplete. As a result, the court could not make a proper determination as to whether OCGA § 19-8-24 had been violated with regard to inducement of the placement of the child by Paul.

Finally, there was no agent or investigator appointed "to verify the allegations in the petition for adoption, to make a complete and thorough investigation of the entire matter, including any specific issue the court requests to be investigated, and to report its findings and recommendations in writing to the court" as required by

---

[4] See OCGA § 19-8-5 (e) (3) (E).

3

OCGA § 19-8-16 (a).[5] As a result, the trial court failed to "give consideration to the investigation report to the court provided for in Code Section 19-8-16 and the recommendations contained in such report" at the adoption hearing as required by OCGA § 19-8-18 (a) (1). Such consideration is "mandated."[6]

As this Court has explained, "[t]he requirements of the adoption statute are mandatory and should be strictly construed and meticulously followed so that beyond all peradventure the adoption will not later be subject to attack."[7] Although "'the executed forms may vary slightly from those presented in OCGA § 19-8-26, [they must] substantially conform to the statutory text.'"[8]

---

[5] Although OCGA § 19-8-16 (b) and (c) provide exceptions to the rule requiring the appointment of an independent agent, they are not applicable here because the biological parents surrendered (or attempted to surrender) their parental rights to the child in favor of non-relative adults.

[6] *Johnson v. Hauck*, 344 Ga. App. 848, 855 (3) (a) (812 SE2d 303) (2018), citing *Cafagno v. Hagan*, 213 Ga. App. 631, 632-633 (1) (a) (445 SE2d 380) (1994).

[7] (Citations and punctuation omitted.) *In re Stroh*, 240 Ga. App. 835, 840 (1) (b) (i) (523 SE2d 887) (1999). See also *Hafer v. Lowry*, 320 Ga. App. 76, 78 (739 SE2d 84) (2013) ("It is well settled that adoption laws must be strictly construed in favor of natural parents."); *McKinney v. Jennings*, 246 Ga. App. 862, 863 (2) (542 SE2d 580) (2000) (same).

[8] *Stroh*, 240 Ga. App. at 840 (1) (b) (i).

4

Here, the trial court set aside the adoption based in part upon: the trial court's failure to appoint an independent agent and consider the agent's report, to require and consider an attorney's affidavit pursuant to OCGA § 19-8-13 (d), and to require that the biological father's surrender be supported by a previously executed affidavit from Paul pursuant to OCGA § 19-8-26. These are not instances of the parties' or the court's failure to use the proper forms, nor are they instances in which the parties failed to file forms that actually existed. Instead, the trial court granted the adoption without complying with mandatory requirements set forth in the Adoption Code. Given the nature of these errors and omissions and the standard of review, I cannot conclude that trial court abused its discretion by finding that they were nonamendable defects under OCGA § 9-11-60 (d) (3).[9]

---

[9] See *Murphy v. Murphy*, 263 Ga. 280, 283 (430 SE2d 749) (1993) (holding that because "[t]he appellant's failure to file a petition for divorce, and concomitant failure to notify appellee that a divorce was being sought, constituted a non-amendable defect appearing on the face of the pleadings[, t]he resulting judgment of divorce was subject to attack [under OCGA § 9-11-60 (d)] . . . within the three-year period of limitation provided by OCGA § 9-11-60 (f)") (footnote omitted); *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518-519 (265 SE2d 791) (1980) (affirming an order to set aside a judgment because the lack of notice of the hearing "constituted a nonamendable defect on the face of the record"); *Fiffee v. Jiggetts*, 353 Ga. App. 730, 735-736 (2) (839 SE2d 224) (2020) (reversing the denial of a motion to set aside a custody modification order because the failure to provide proper notice of the modification hearing constituted a nonamendable defect).

As this Court has stated, "a judgment having such a final, ultimate[,] and significant result as that of severing the rights of a parent to a child must conclusively show compliance with the statutory criteria prescribed as a condition precedent for such termination."[10] Accordingly, I would affirm the trial court's order setting aside the adoption pursuant to OCGA § 9-11-60 (d) (3).

---

[10] (Punctuation omitted.) *Johnson*, 344 Ga. App. at 853 (1), quoting *Dell v. Dell*, 324 Ga. App. 297, 301 (1) (748 SE2d 703) (2013).