**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**July 2, 2020**

# In the Court of Appeals of Georgia

A20A0521. SKIPPER et al. v. PAUL.

MCFADDEN, Chief Judge.

This appeal challenges a trial court order granting a motion to set aside a final adoption decree on the basis of purported nonamendable defects appearing on the face of the record and pleadings. But because the defects were amendable, rather than nonamendable, the trial court abused its discretion in setting aside the final judgment. So we reverse.

1. *Facts and procedural posture.*

Jennifer Paul and John Brannen are the biological parents of a minor child. On March 8, 2018, two months prior to the child's birth, Brannen executed a surrender of parental rights and release for adoption, along with an acknowledgment of the surrender. The child was born on May 7, 2018, and the next day, Paul executed a

surrender of parental rights and an acknowledgment of the surrender in favor of prospective adoptive parents Alan Skipper and Ralph Cowart, Jr., who are not related to the child. Paul also entered into a custody agreement with Skipper and Cowart, relinquishing custody of the child to them until the adoption was completed. On May 9, 2018, the trial court accepted the custody agreement and awarded sole legal and physical custody of the child to Skipper and Cowart until completion of the adoption.

Skipper and Cowart filed a verified petition for adoption of the child pursuant to OCGA § 19-8-5, which establishes the procedures for adoption by a third-party who is not a stepparent or relative of the child. On May 22, 2018, after a hearing, the trial court entered a decree of adoption, finding that the biological parents had surrendered their parental rights and had not withdrawn the surrenders within the ten days allowed by law; terminating their parental rights; finding that adoption is in the best interests of the child; and making final the adoption of the child by the petitioners.

Five months later, on October 25, 2018, Paul filed a motion to set aside the final adoption decree based on alleged fraud and on purported nonamendable defects appearing on the face of the pleadings. After a three-day hearing, which included the introduction of testimony and documents regarding matters outside the pleadings, the

2

trial court entered an order denying the motion to set aside based on the allegation of fraud, but granting the motion based on the court's findings of nonamendable defects on the face of the record and pleadings. Specifically, the court found nonamendable defects in that the two forms executed by Brannen surrendering his parental rights were not supported by an affidavit from Paul; in that the two forms executed by Paul surrendering her parental rights did not conform with certain statutory requirements; and in that Skipper and Cowart's attorneys failed to file several statutory forms and documents with the court. Skipper and Cowart appeal from the order setting aside the final adoption decree.

2. *OCGA § 9-11-60 (d) (3).*

The appellants assert that the trial court erred in finding that the defects in the adoption documents, which did not affect the rights of Paul or the merits of the adoption petition, authorized the setting aside of the final decree of adoption. We agree.

OCGA § 9-11-60 (d) (3) provides that a motion to set aside a judgment may be brought based upon "[a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the

3

pleadings must affirmatively show no claim in fact existed." In order to set aside a judgment under this code section, "the nonamendable defect must be one which shows that no claim exists[.]" *Barnes v. Williams*, 265 Ga. 834, 835 (1) (462 SE2d 612) (1995). Accord *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644 (2) (740 SE2d 363) (2013) ("Under OCGA § 9-11-60 (d) (3), the pleadings must affirmatively show no claim in fact existed.") (citations and punctuation omitted). So "[w]here there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed, the judgment is void. The presence of an *amendable* defect on the face of the record, however, does not void the action." *Horizon Credit Corp. v. Lanier Bank & Trust Co.*, 220 Ga. App. 362 (1) (469 SE2d 452) (1996) (citations omitted; emphasis in original). See *Hardeman v. Roberts*, 214 Ga. App. 484, 486 (448 SE2d 254) (1994) (special concurrence) (citing *Mercer v. Nowell*, 179 Ga. 37, 40 (175 SE 12) (1934) for proposition that "[a] defect which would be amendable before verdict would be cured by the judgment in the case.") "When the irregularities in the record can be corrected by amendment, the judgment will not be arrested or set aside. Defects in matters of form can be

4

amended." *Norton Realty & Loan Co. v. Bd. of Educ. of Hall County*, 129 Ga. App. 668, 674 (4) (200 SE2d 461) (1973) (citations and punctuation omitted).

Consequently, nonamendable defects that have been recognized as showing no claim in fact existed and as authorizing the setting aside of judgments include the entry of a default judgment for failure to answer an amended complaint where no such answer was required, *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006); the dismissal of a claim with prejudice where such a dismissal could only be without prejudice, *Bonner v. Green*, 263 Ga. 773, 774 (438 SE2d 360) (1994); the failure to provide a party with notice of a final hearing, *Coker v. Coker*, 251 Ga. 542, 543 (307 S.E.2d 921) (1983); and the failure to conduct a jury trial where there was no waiver of the right to a jury trial, *Barner v. Binkley*, 304 Ga. App. 73, 75 (2) (695 SE2d 398) (2010).

Conversely, the absence of a judge's required signature on an affidavit for garnishment was held to be an amendable defect that did not justify the grant of a motion to set aside, *Horizon Credit Corp.*, supra at 362-364 (1). Similarly, the failure to file a required certificate of default was not a nonamendable defect sufficient to authorize the trial court to set aside a default judgment under OCGA § 9-11-60 (d) (3). *Williams v. Contemporary Servs. Corp.*, 325 Ga. App. 299, 301 ( 750 SE2d 460)

(2013). See also *Oxmoor Portfolio*, supra at 644-645 (2) (recognizing that an answer not bearing necessary signature of an attorney was an amendable defect that could have been cured before judgment).

In the instant case, the various defects in the pleadings and record cited by the trial court were not nonamendable defects showing that no claim for third-party adoption in fact existed. See OCGA § 19-8-5 (a) (child may be adopted by a party who is not a relative of the child if each living parent of such child voluntarily and in writing surrendered all of his or her parental rights). Rather, they were defects of form that were amendable and could have been cured prior to judgment. See OCGA § 9-12-15 ("A judgment may not be set aside for any defect in the pleadings or the record that is aided by verdict or amendable as a matter of form.")

"We review a trial court's ruling on a motion to set aside a judgment under OCGA § 9-11-60 (d) for abuse of discretion." *Oxmoor Portfolio*, supra at 644 (2) (citation and punctuation omitted). In this case,

> the pleadings do not affirmatively show that no claim [for adoption] in fact existed and that there was no basis upon which to enter [the adoption decree]. Because [the trial court's findings] failed to establish the presence of a nonamendable defect on the face of the record or pleadings, the court abused its discretion by granting [the] motion to set aside the [adoption decree].

6

*Williams*, supra at 302. Compare *Fiffee v. Jiggetts*, 353 Ga. App. 730, 736 (2) (839 SE2d 224) (2020) (failure to provide proper notice of a custody modification hearing constituted nonamendable defect that can justify setting aside judgment). We therefore reverse the trial court's order setting aside the adoption decree.

*Judgment reversed. Hodges, J., concurs in judgment only. Doyle, P. J., dissents.*

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2.**

A20A0521. SKIPPER et al. v. PAUL.

Doyle, P. J., dissenting.

Unlike the cases on which the majority relies, this is not a timely appeal from a ruling in an adoption proceeding. So it was not enough for Paul to show error. In order to prevail, she must show a nonamendable defect. Because she has not, I respectfully dissent.

The thirty-day deadline to file such an appeal from the adoption decree had expired before Paul began trying to unwind the adoption. See OCGA § 5-6-38 (a). So our public policy that there must eventually be an end to litigation weighs more

heavily in this case than in the cases on which she relies, and she is limited to the narrow remedies afforded by a motion to set aside under OCGA § 9-11-60 (d).

She invokes OCGA § 9-11-60 (d) (3), which provides that a motion to set aside a judgment may be brought based upon "[a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed." In order to set aside a judgment under this code section, "the nonamendable defect must be one which shows that no claim exists[.]" *Barnes v. Williams*, 265 Ga. 834, 835 (1) (462 SE2d 612) (1995). "Where there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed, the judgment is void. The presence of an *amendable* defect on the face of the record, however, does not void the action." *Horizon Credit Corp. v. Lanier Bank & Trust Co.*, 220 Ga. App. 362 (1) (469 SE2d 452) (1996) (citations omitted; emphasis in original). See *Hardeman v. Roberts*, 214 Ga. App. 484, 486 (448 SE2d 254) (1994) (special concurrence) (citing *Mercer v. Nowell*, 179 Ga. 37, 40 (175 SE 12) (1934), for the proposition that "[a] defect which would be amendable before verdict would be cured by the judgment in the

2

case.") "When the irregularities in the record can be corrected by amendment, the judgment will not be arrested or set aside. Defects in matters of form can be amended." *Norton Realty & Loan Co. v. Bd. of Educ. of Hall County*, 129 Ga. App. 668, 674 (4) (200 SE2d 461) (1973) (citations and punctuation omitted).

Consequently, nonamendable defects that have been recognized as authorizing the setting aside of judgments include the entry of a default judgment for failure to answer an amended complaint where no such answer was required, *Shields v. Gish*, 280 Ga. 556, 558 (2) (629 SE2d 244) (2006); the dismissal of a claim with prejudice where such a dismissal could only be without prejudice, *Bonner v. Green*, 263 Ga. 773, 774 (438 SE2d 360) (1994); the failure to provide a party with notice of a final hearing, *Coker v. Coker*, 251 Ga. 542, 543 (307 S.E.2d 921) (1983); and the failure to conduct a jury trial where there was no waiver of the right to a jury trial, *Barner v. Binkley*, 304 Ga. App. 73, 75 (2) (695 SE2d 398) (2010).

Conversely, the absence of a required judge's signature on an affidavit for garnishment was held to be an amendable defect that did not justify the grant of a motion to set aside, *Horizon Credit Corp.*, supra at 362-364 (1). Similarly, the failure to file a required certificate of default was not a nonamendable defect sufficient to authorize the trial court to set aside a default judgment under OCGA § 9-11-60 (d)

(3). *Williams v. Contemporary Servs. Corp.*, 325 Ga. App. 299, 301 ( 750 SE2d 460) (2013). See also *Oxmoor Portfolio v. Flooring & Tile Superstore of Conyers*, 320 Ga. App. 640, 644-645 (2) (740 SE2d 363) (2013) (recognizing that an answer not signed by an attorney was an amendable defect that could have been cured before judgment).

In this case, the trial court found nonamendable defects in that two forms executed by the biological father surrendering his parental rights were not supported by an affidavit from the appellee mother; in that two forms executed by the appellee mother surrendering her parental rights did not substantially conform with statutory requirements; and in that the appellants' attorneys failed to file certain statutory forms and documents with the court. But these defects were merely defects of form that were amendable and could have been cured prior to judgment. See OCGA § 9-12-15 ("A judgment may not be set aside for any defect in the pleadings or the record that is aided by verdict or amendable as a matter of form.")

> Thus, the pleadings do not affirmatively show that no claim [for adoption] in fact existed and that there was no basis upon which to enter [the adoption decree]. Because [the movant] failed to establish the presence of a nonamendable defect on the face of the record or pleadings, the court abused its discretion by granting [the] motion to set aside the [adoption decree].

4

*Williams*, supra at 302.